UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

EXHIBIT
1

Civil Action No.

**NHC, LLC**

v.

**CENTAUR CONSTRUCTION COMPANY, INC., an Illinois Corporation, SPIRO TSAPARAS, and PETER ALEXOPOULOS**

**DECLARATION OF MARK HUNT**

I, Mark Hunt, state as follows:

1.  I am over 18 years old and competent to make this declaration based on my personal knowledge and the facts set forth in it.

2.  I am the Manager and President of M Sourcing, LLC and M Development, LLC (collectively, the "M Entities"). I am also a member of each of the M Entities.

3.  I submit this declaration in support of Non-Parties M Sourcing, LLC and M Development, LLC's Motion (1) to Quash Third Party Citations to Discover Assets and (2) for A Protective Order (the "Motion"), which I understand will be filed on August 12, 2025.

4.  The M Entities are real estate investment and development companies. Each is headquartered in Aspen, CO. Neither of the M Entities has offices in Illinois, conduct business in person in Illinois, or own properties in Illinois. Only one of M Developments' employees lives in Illinois; that employee works remotely.

5.  The M Entities are limited liability companies. M Development LLC is owned 100% by me and M Development Manager, Inc. I own 100% of M Development Manager, Inc. I also own 100% of M Sourcing, LLC and have since its inception.

6.  I understand that the Motion relates to citations that were issued by NHC, LLC as part of a proceeding in the Northern District of Illinois (the "Underlying Lawsuit"). The M Entities are not parties to the underlying lawsuit.

7.  I understand that NHC has a judgment against the defendants in the Underlying Lawsuit, and that those defendants are Centaur Construction Co., Inc. ("Centaur"), Spiro Tsaparas, and Peter Alexopoulos (the "Judgment Debtors"). The only connection that the M Entities have to the Underlying Lawsuit is that the M Entities have in the past had business dealings with Centaur, and M Sourcing currently employs Mr. Tsaparas.

1

8. Centaur previously acted as a general contractor for some of the M Entities' real estate projects, with Mr. Tsaparas working on the projects on behalf of Centaur. The M Entities have not worked with Centaur since 2022. Mr. Tsaparas has also overseen construction of many additional projects for the M Entities in his capacity as an employee.

9. The M Entities received an initial citation from NHC in 2023, requesting information and documents related to assets of the Judgment Debtors. I understand that the M Entities provided documents to NHC in response to those requests. I similarly understand that the M Entities received a subpoena from NHC in December 2024 and that the M Entities provided additional documents responsive to that subpoena.

10. The M Entities received a second citation from NHC in January of 2025. I understand that these citations requested documents beyond those related to the assets of the Judgment Debtors. Nevertheless, the M Entities produced additional documents responsive to those requests.

11. To the best of my knowledge, the M Entities have produced all documents in their possession related to, among others, (1) payments from the M Entities to Mr. Tsaparas and Centaur; (2) agreements between the M Entities and Mr. Tsaparas or Centaur; (3) communications related to those payments/agreements; and (4) tax records related to Mr. Tsaparas.

12. The M Entities do not hold any property or asset of the Judgment Debtors and are not indebted to the Judgment Debtors. In fact, Mr. Tsaparas owes the M Entities millions of dollars.

13. I understand that the most recent citations request all documents relating to any work performed by the Judgment Debtors or anyone affiliated with them. This request would require the M Entities to produce an exceptionally large volume of documents, as Mr. Tsaparas, Centaur, and former employees of Centaur have worked on approximately 20-30 of the M Entities' real estate projects. Thus, fully responding to the Citations would require the M Entities to produce all documents and communications related to all of those projects – essentially necessitating the production of the vast majority of the M Entities' business records for that time period.

14. To the best of my knowledge, the M Entities do not possess any documents related to any assets, property, amount owed to, or contract with the Judgment Debtors that has not already been produced.

15. I also understand that the most recent citations have requested all of the bank statements and ledgers for the M Entities. The M Entities' bank statements and ledgers contain confidential and sensitive commercial information, including the state of the companies' finances and our transactions with other non-party entities. As a result, disclosing this information would put the M Entities at a competitive disadvantage, especially given that NHC is also a real estate investor and competitor of the M Entities.

16. The M Entities have already produced documents sufficient to identify every payment made by the M Entities to or for the benefit of the Judgment Debtors. As a result, I do

not believe the M Entities' bank statements contain any information about or related to the Judgment Debtors that has not been previously disclosed.

      17.    I also understand that the Citations seek all of the M Entities' tax records. I understand that this request is premised on an allegation that the Judgment Debtors hold some sort of an ownership interest in the M Entities.  This is incorrect.  M Development LLC is owned 100% by me and M Development Manager, Inc.  I own 100% of M Development Manager, Inc.  I also own 100% of M Sourcing, LLC and have since its inception.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of August 2025.

_____
Mark Hunt

4