This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts. Forms are free at ilcourts.info/forms.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**EXHIBIT**

**2**

NHC LLC, a Florida limited liability company,

    Plaintiff,

v.

CENTAUR CONSTRUCTION COMPANY INC., an Illinois corporation, SPIRO TSAPARAS, and PETER ALEXOPOULOS,

    Defendants.

Case No. 19-cv-06332

Honorable Matthew F. Kennelly

## THIRD PARTY CITATION TO DISCOVER ASSETS TO M SOURCING, LLC

**TO:**   M Sourcing, LLC
        c/o Linda Manning, Registered Agent
        100 S Spring Street
        Aspen, CO 81611

| |
|---|
| In **1**, if the debtor is a person, enter the address for the debtor. If the debtor is a business, enter the name and address of the registered agent.<br><br>The registered agent can be found on the Illinois Secretary of State's website. |

**1.** **This combined citation and notice is being sent to the above-referenced third-party (the "Respondent" or "You") and to the debtors referenced below (collectivley, the "Debtors") because the above-referenced Plaintiff (the "Creditor") believes the Respondent has property belonging to one or more of the Debtors:**

**Spiros Tsaparas a/k/a Spyridon Tsaparas**
96 Mountain Laurel Ct., Unit A
Aspen, CO 81611

**Peter Alexopoulos**
8053 N. Ozark Ave.
Niles, IL 60714

**Centaur Construction Co., Inc., a dissolved Illinois Corporation**
Attn.: IL Secretary of State, as Reg. Agent
69 W. Washington St., 12th Floor
Chicago, IL 60602

| |
|---|
| In **3**, you will need to find out if the appearance will be in person, or by phone or video. Contact the U.S. District Clerk by phone, or visit their website. Once you have this information, check **3a** or **3b**.<br><br>Fill out the appearance date and time, and then:<br><br>If you check **3a**, fill out the address of the building where the Debtor will attend in person.<br><br>If you check **3b**, fill out<br>• the phone number for the U.S. Dist. Court Clerk's office.<br>• the instructions for how to appear by |

**2.** **A representative from the Respondent must fill out the attached *Answer to Citation* and take the actions described in Section Four (4) below.**

**3.** **The next court date is**   02/19/2025    at   9:30    ☑ a.m.   ☐ p.m.
                     *Date*          *Time*

    [X]a.   In person (unless otherwise agreed to or ordered)
            in Courtroom 2103 of the Everett McKinley Dirksen United States Courthouse

The address is:     219 South Dearborn Street, Courtroom 2103
                         *Street*

Chicago, IL 60604
*City*              *State*             *ZIP*
**OR**

    ☐  b.   By phone or video

        **Information and instructions for how you must attend by phone or video:**

        **Attending by phone or video is also called a "Remote Appearance." For more information, call the U.S. Dist. Court for the Northern Dist. of Illinois (Eastern Division) Court Clerk at (312) 435 5670 or visit their website (www.ilnd.uscourts.gov).**

Enter the Case Number given by the Clerk: 19-cv-06332

| | |
|---|---|
| **Notice to Debtors** | • You can attend court on the court date listed in section 3. You may be able to claim certain protections (exemptions) at that court date. For a list of exemptions see section 5 below. See *How to File an Emergency Motion to Claim Exemption* for information on how to file this *Motion*.<br>• If you need to go to court earlier than the court date listed in section 3, you can file an *Emergency Motion to Claim Exemption*.<br>• You do not have to attend court. However, if you do not attend, and you have money in this bank, the court may turn your money over to the creditor. |
| **Notice to Respondent** | • If you do not answer or attend court on the date listed in section 3, the judge may do one of two things:<br>    ○ Issue a rule to show cause; OR<br>    ○ Enter a conditional judgment.<br>• If there is a rule to show cause court date, you will have to explain why you did not attend court on the court date and why you should not be found in contempt of court. If you do attend the rule to show cause on the set court date, the judge may find you in contempt, and you might be arrested and jailed.<br>• If the court enters a conditional judgment, you will have 30 days to answer or appear. If you fail to do so, then the court may enter a final judgment against you. |

**The Respondent's duties and obligations**:

4. The Respondent must file the *Answer* on page **4** telling the Court about all accounts or safety deposit boxes that the debtor may have an ownership interest in or appears as a signatory. The Respondent must not transfer (sell, give away or get rid of) any property not exempt from the enforcement of a judgment. This prohibition shall remain in effect until further order of the court or termination of the proceeding. The Respondent is required to withhold double the unpaid amount listed below in paragraph **6**. The Respondent is not required to withhold beyond double the unpaid amount listed below.

**THE RESPONDENT IS FURTHER COMMANDED** to produce the documents described in the attached Rider no less than fourteen (14) calendar days before the examination date to Zachary J. Watters, Vedder Price P.C., at 222 North LaSalle Street, Suite 2400, Chicago, Illinois 60601 (zwatters@vedderprice.com. **THE RESPONDENT IS PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the Debtors or to which the Debtors may be entitled or which may be acquired by or become due to the Debtors and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the Debtors until further order of court or termination of the proceedings. The Respondent is not required to withhold the payment of any money beyond double the amount of the judgment. If the responsive account(s) consists solely of funds that can be identified as exempt under federal or state law, the Respondent is PROHIBITED from withholding the funds, and the Respondent must respond that the funds are exempt. Deposited funds that are exempt under federal and state law include Social Security Disability Insurance (SSDI) and Social Security Retirement Insurance (SSRI), Supplemental Security Income (SSI), veteran's benefits, public assistance benefits, unemployment compensation benefits, child support and/or circuit breaker property tax relief benefits.

5. Each of the Debtors have the right to claim certain protections ("exemptions"). If the Debtors claim an exemption, the income or property covered by that exemption cannot be taken to pay the judgment. Here are some exemptions one or more of the Debtors may be able to claim:

    1. Money or belongings up to $4,000 ( wildcard exemption );
    2. Social Security, Supplemental Security Income benefits, and disability;
    3. Public assistance benefits;
    4. Child support;
    5. Unemployment compensation benefits;
    6. Workers' compensation benefits;
    7. Veteran's benefits;
    8. Circuit breaker property tax relief benefits;
    9. The respective Debtor's equity interest, up to $2,400, in any one motor vehicle;
    10. The respective Debtor's equity interest, up to $1,500, in any professional books, or tools of their trade;
    11. Pension and retirement benefits and refunds; AND
    12. The respective Debtor's equity interest, up to $15,000, in the house they live in.

Enter the Case Number given by the Clerk: 19-cv-06332

<table>
<tr><td>

**To debtor:** see *Emergency Motion to Claim Exemption* for further instruction on how to ask the court for these exemptions.

</td><td>

The Debtors have the right at the court date listed in section **3** to declare property or income as exempt. The Debtors also have the right to ask for these exemptions at an earlier date by notifying the clerk in writing at the office of the Circuit Clerk. A court date will be promptly set. Necessary forms must be prepared by the Debtors and sent to the Respondent and the Creditor or the Creditor's attorney.

</td></tr>
</table>

6. **Certification by the Creditor:**

**A judgment was entered against the Debtors (jointly and severally) on March 15, 2023 in an aggregate original principal amount of no less than $22,272,124.34, plus post judgment interest at the statutory rate. A true and correct copy of the referenced judgment is enclosed herewith. The current amount that remains to be paid, including the Creditor's court costs and post judgment interest, minus any applicable payments which have been made, is no less than $21,000,000.00 as of the date of the issuance of this Third Party Citation to Discover Assets, plus court costs of this proceeding.**

In **6a**, enter the name of the debtor and the date of the judgment. If the judgment has been renewed ("revived"), enter that date.

In **6b**, enter the amount of the judgment.

In **6c**, enter how much is still owed to you. You are entitled to the judgment amount, court costs (e.g., filing fees, service fees, sheriff's fee, etc.), and post judgment interest of 9% per year. Subtract any payments made by the debtor.

You must mail this *Citation* by first-class regular mail to the debtor.

**I certify I will mail by regular first-class mail a copy of this *Third-Party Citation* to the Debtors at the addresses shown above within 3 business days after service on the Respondent s registered agent.**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**I certify that everything in this *Third Party Citation to Discover Assets* is true and correct. I understand that making a false statement on this form is perjury and has penalties provided by law under 735 ILCS 5/1-109.**

If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign and print your name.

/s/ Zachary J. Watters
*Your Signature*

222 North LaSalle Street, Suite 2400
*Street Address*

Zachary J. Watters (Vedder Price P.C.)
*Print Your Name*

Chicago, Illinois 60601
*City, State, ZIP*

Enter your complete address, telephone number, and email address, if you have one.

zwatters@vedderprice.com
*Email*

(312) 609-7594
*Telephone*

ARDC No. 6310675
*Attorney # (if any)*

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

THOMAS G. BRUTON, CLERK

_____                    _____

(By) DEPUTY CLERK                                              DATE

THOMAS G. BRUTON, CLERK



(By) DEPUTY CLERK

January 14, 2025

DATE

Enter the Case Number given by the Clerk:          19-cv-06332

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NHC LLC, a Florida limited liability company,

      Plaintiff,

v.                                                                      Case No. 19-cv-06332

CENTAUR CONSTRUCTION COMPANY INC., an Illinois          Honorable Matthew F. Kennelly
corporation, SPIRO TSAPARAS, and PETER ALEXOPOULOS,

      Defendants.

## ANSWER TO THIRD PARTY CITATION TO DISCOVER ASSETS

**1. Information about the Respondent and the Debtors:**

    a.  Respondent's name: _M Sourcing, LLC_____

**To creditor:** fill out section 1. In **1a**, enter the bank's name.

    b.  Respondent's address: _100 S Spring Street_____
              *Street Address*

In **1b**, enter the bank's current address.

    c.  Aspen           CO              81611
          *City*            *State*            *ZIP*

In **1c**, enter the debtor's name.

    c.  Debtors' names: (1) Spiros Tsaparas a/k/a Spyridon Tsaparas

In **1d**, enter the last 4 digits of the debtor's Social Security Number.

                      (2) Peter Alexopoulos

In **1e**, list the amount of the judgment.

                      (3) Centaur Construction Co., Inc., a dissolved Illinois Corporation

A judgment was entered against the Debtors (jointly and severally) on March 15, 2023 in an aggregate original principal amount of no less than $22,272,124.34, plus post-judgment interest at the statutory rate. A true and correct copy of the referenced judgment is enclosed herewith. The current amount that remains to be paid, including the Creditor's court costs and post judgment interest, minus any applicable payments which have been made, is no less than $21,000,000.00 as of the date of the Third Party Citation to Discover Assets issued with this Answer form, plus court costs of this proceeding.

          **NOTICE TO RESPONDENT:** This is a *Citation.* You might need to freeze up to
          double the on the source of the deposits. See question 2.

**To creditor:** leave the rest of this form blank.

**2. Interrogatories:**

**To Respondent**: fill out the remaining parts of this form and sign it. Then file this *Answer* with the court and send a copy to the creditor. Contact the Clerk for instructions on how to file this *Answer* with the court.

    a.  On the date of service of the *Citation*, do you have any personal property or money belonging to any of the debtors?
        ☐Yes    ☐No  ***If no, do not fill out the rest of the form. Sign below.***

    b.  Is any of the money deposited into an IRA?
        ☐Yes.  If yes, do not freeze the IRA accounts.    ☐No

    c.  Have all of the deposits made during the past 90 days been electronically deposited and identified as Social Security, Unemployment Compensation, Public Assistance, Veteran's Benefits, Pension, or Retirement?
        ☐Yes. If yes, do not freeze the account.    ☐No

    d.  Is the account's current balance equal to or less than the total of the exempt deposits? ☐Yes.
        If yes, do not freeze the account.    ☐No

        If you checked **No** in **b**, **c**, and **d**, then freeze up to double the amount of the judgment.

Enter the Case Number given by the Clerk: _____19-cv-06332_____

**3.    Property:**

a.  ☐  Account

| | Account Type | Account Balance | Amount Withheld |
|---|---|---|---|
| 1. | | $ | $ |
| 2. | | $ | $ |
| 3. | | $ | $ |
| 4. | | $ | $ |
| 5. | | $ | $ |
| 6. | | $ | $ |

b.  ☐  Safety Deposit  ☐ Yes  ☐ No

c.  ☐  Other property *(rents, mortgages, etc.)*

| | Describe Property | Value of Property | Amount Withheld |
|---|---|---|---|
| 1. | | $ | $ |
| 2. | | $ | $ |

d.  ☐  Less Right of Offset for Loans  $_____

e.          **Total Amount Frozen:**  $_____

**4.    List all electronic monthly deposits:**

| | Account Number | Source of Deposit | Monthly Amount |
|---|---|---|---|
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |

**5.    List all joint account holders or anyone who has a claim on the property:**

> If all of the property belongs to another person who is not the debtor, do not freeze the property.

a.  _____

*First*                    *Middle*                              *Last Name*

_____

*Street*

_____

*City*                              *State*                              *ZIP*

Account Information:  Type:  ☐ Checking  ☐ CD  ☐ Savings
Account Number:  _____

b.  _____

*First*                    *Middle*                              *Last Name*

_____

*Street*

_____

*City*                              *State*                              *ZIP*

Account Information:  Type:  ☐ Checking  ☐ CD  ☐ Savings
Account Number:  _____

Enter the Case Number given by the Clerk: _____ 19-cv-06332 _____

c. _____

First          Middle          Last Name

_____
Street

_____
City                    State                    ZIP

Account Information:  Type:  ☐ Checking  ☐ CD  ☐ Savings
Account Number: _____

| | |
|---|---|
| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. | **I certify that everything in the *Answer to Citation Proceeding* is true and correct. I understand that making a false statement on this form is perjury and has penalties by law under 735 ILCS 5/1-109.** |

_____          _____
Your Signature                         Street Address

If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign and print your name.

_____          _____
Print Your Name                        City, State, ZIP

Enter your complete address, telephone number, and email address, if you have one.

_____          _____
Email                                        Telephone

Mail or hand-deliver a copy of this completed *Answer* to the Clerk, plaintiff, and debtor.

_____
Attorney # (if any)

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

Case No. 1:25-cv-02537    Document 1-2    filed 08/13/25    USDC Colorado    pg 8 of 84
Case 1:19-cv-06332 Document #: 383 Filed: 04/22/24 Page 1 of 24 PageID #:20041
ILND 450 (Rev. 10/13) – Judgment in a Civil Action

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

NHC LLC,

Plaintiff(s),

v.

Centaur Construction Company Inc. et al,

Defendant(s).

Case No.  19 C 6332
Judge Matthew F. Kennelly

### AMENDED JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐   in favor of plaintiff(s)
and against defendant(s)
in the amount of $           ,

which ☐ includes        pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐   in favor of defendant(s)
and against plaintiff(s)

Defendant(s) shall recover costs from plaintiff(s).

---

☒   other: On Count 1 (breach of contract) – In favor of plaintiff NHC LLC and against defendants Centaur Construction Co. and Spiros Tsaparas jointly and severally. On Count 2 (fraud) - In favor of plaintiff NHC LLC and against defendants Centaur Construction Co.; Spiros Tsaparas; and Peter Alexopoulos jointly and severally. Compensatory damages are awarded in favor plaintiff NHC LLC and against defendants Centaur Construction Co.; Spiros Tsaparas; and Peter Alexopoulos jointly and severally in the total amount of $22,272,124.34. This entire amount is attributable to Count 2 (fraud). Of this same total $22,122,124.34 is attributable to Count 1 (breach of contract) for which defendants Centaur Construction Co. and Spiros Tsaparas are jointly and severally liable. Punitive damages are awarded on Count 2 (fraud) in favor of plaintiff NHC LLC and against defendant Centaur Construction Co. in the amount of $630,666.00; against defendant Spiros Tsaparas in the amount of $1,500,000.00; and against defendant Peter Alexopoulos in the amount of $400,000.00.

---

This action was *(check one)*:

☐ tried by a jury with Judge        presiding, and the jury has rendered a verdict.

ILND 450 (Rev. 10/13) - Judgment in a Civil Action

☐ tried by Judge     without a jury and the above decision was reached.

☒ decided by Judge Matthew F. Kennelly on a motion

Date:  3/15/2023                    Thomas G. Bruton, Clerk of Court

                                    Melissa Astell , Deputy Clerk

## RIDER TO THIRD PARTY CITATION TO DISCOVER ASSETS TO M SOURCING

### DEFINITIONS

1.    The term "Communication" as used herein shall mean any written, electronic or verbal transmission of words or thoughts between or among two or more Persons, including, without limitation, any letter, electronic mail ("e-mail"), instant or text message, blog, web posting, interview, conference, meeting, spoken words, conversation, understanding, agreement, discussion, talks, and reports, whether transmitted in orally, in writing or by any electronic device.

2.    The term "Document" and "Documents" as used herein shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) of any written or graphic matter, however produced or reproduced, whether sent or received or neither, including drafts and both sides thereof, and including but not limited to: papers, books, letters, correspondence, telegrams, cables, telex messages, e-mails, text messages, memoranda, typed or handwritten notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews or of conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, ledgers, journals, Financial Statements, statistical records, desk calendars, appointment books, diaries, expense account records, lists, tabulations, sound recordings, computer printouts, data processing input and output, microfilms, all other records kept by electronic, photographic or mechanical means, and items similar to any of the foregoing.

3.    The term "Evidencing" as used herein shall mean proving, indicating, or probative of the existence or nature of the matter discussed.

4.    The term "Financial Statement" as used herein shall mean any Document prepared by You or at Your request reflecting Your financial condition, including, without limitation, audited and unaudited financial statements, balance sheets, profit and loss statements, cash flow statements, and any written representation by You to any creditor, Person, firm or entity from which You were or are seeking credit.

5.    The term "Judgment Debtors" as used herein shall mean Centaur Construction Company Inc., Spiro Tsaparas, and Peter Alexopoulos, who are judgment debtors in this matter, and their partners, agents, employees, accountants, counsel, trustees, predecessors/successors and/or affiliated business affiliates, including but not limited to Triton Marine Holdings, LLC, and any other Person (including, without limitation, any entities) under their control or direction, and any other Persons (including, without limitation, any entities) under the control or direction of any of the foregoing or acting on behalf of any of them, regardless of affiliation or employment.

6.    The terms "Own" and "Ownership Interest" include direct and/or indirect (i.e., through a related Person (including, without limitation, any entity)) ownership, complete and/or fractional ownership, contingent ownership, and/or present and/or future ownership.

7.      The term "Person" as used herein shall mean any natural Person, corporate entity, partnership, association (including professional association), sole proprietorship, or other entity.

8.      The term "Project" as used herein shall mean any collaborative business enterprise or planned undertaking by two or more Persons, contractual or implied, for profit or otherwise, for any purpose.

9.      The term "Relating To" as used herein shall mean consisting of, referring to, reflecting, supporting, prepared in connection with, used in preparation for or being in any way legally, logically or factually connected with the matter discussed.

10.     The term "Real Estate" or "Real Property" means any real property, and includes any interest in real property, including, without limitation, fractional interests, indirect interests, contingent interests, joint interests, guaranties, present and/or future interests, and/or any interest in real property through any limited and/or general partnerships.

11.     The term "Relevant Period" as used herein shall mean the period from January 1, 2019 to the present.

12.     The term "Triton Loan" as used herein shall mean the promissory note between Triton Marine Holdings, LLC and M Sourcing, LLC effective December 30, 2021 for the amount of $4,164,759.90, attached as **Exhibit 1** to this Rider, as well as the associated indemnification agreement entered into by M Development, LLC attached as **Exhibit 2** to this Rider.

13.     The term "Trust" includes any trust created by You and/or any Person (including, without limitation, any entity) in which You have any interest, whether present, future, vested and/or contingent, including, but not limited to, any trust created by You or any Person (including, without limitation, any entity) by written or verbal agreement with any Person (including, without limitation, any entity), whether such Person is identified as "trustee," "agent," "custodian," "nominee" or in any other fashion.

14.     "You" and/or "Your" as used herein shall mean M Sourcing, LLC and each and every one of Your partners, members, directors, managers, officers, agents, employees, accountants, counsel, trustees, subsidiaries, parent organizations, predecessor(s) in interest, successor(s) in interest, and any other person (including, without limitation, any entities) under the control or direction of any of the foregoing or purporting to act on behalf of any of them, regardless of affiliation or employment.

## CONSTRUCTIONS

15.     The terms "and" as well as "or" as used herein shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Citation Rider any information which might otherwise be construed to be outside its scope.

16.     The use of the singular form of any word includes the plural and vice versa, as necessary to bring within the scope of Citation Rider any information which might otherwise be construed to be outside its scope.

17.    Wherever a masculine pronoun or possessive adjective appears, reference is made to male, female, nonbinary, and nongendered Persons.

18.    For purposes of limitation, each Rider request should be construed independently and not by reference to any other request.

## INSTRUCTIONS

1.    All Documents which are not produced because of a claim of privilege, because of a claim that such Documents form a part of the attorney's work product, or because of a claim that the Documents were prepared in anticipation of litigation, shall be identified in sufficient detail to permit a request for in camera inspection of each Document in the event any claim of privilege is disputed. In the event that any request is not answered or Document is not produced by reason of a claim of privilege, You are required to provide a log setting forth the following:

(a)    the author or originator;

(b)    each addressee or recipient of the Document or any copy thereof;

(c)    the date the Document bears or, if it bears no date, the date on which it was made;

(d)    the title or subject matter of the Document and a general description of its contents;

(e)    the nature of the Document (e.g., memorandum, telegram, chart, etc.); and

(f)    the basis or bases for the claim of privilege.

2.    To the extent that no single Document exists or is in Your possession, custody or control which contains all of the information sought in any particular request, You are to provide such other Documents in Your possession, custody or control which are sufficient to show, compute, compile or explain all of the information sought in the request or as much information as is available.

3.    The Documents produced pursuant to the subject Third Party Citation to Discover Assets and this Citation Rider are to be segregated and identified by the number of the request used in the DOCUMENT REQUESTS section of this Citation Rider to which the Documents are responsive.

4.    For each responsive Document or other requested information that You assert is privileged or is not discoverable, identify that Document or other requested information. State the specific grounds for the claim of privilege or other grounds for exclusion. Also, for each Document You claim is not discoverable, state the date of the Document; the name, job title and address of the Person (including, without limitation, any entity) who prepared it; the name, job title and address of the Person (including, without limitation, any entity) to whom it was addressed, to whom it was circulated or who saw it; the name, job title and address of the Person (including, without limitation, any entity) now in possession of the Document; the description of the subject matter of the Document; and the present location and custodian of the Document.

5.      For a responsive Document that no longer exists or that cannot be located, identify the Document, state how and when it passed out of existence or when it could no longer be located, and the reason(s) for the disappearance. Also, identify each Person (including, without limitation, any entity) having knowledge about the disposition or loss of the Document, and identify any other Document Evidencing the lost Document's existence or any facts about the lost Document.

6.      The accompanying Third Party Citation to Discover Assets to M Sourcing shall be deemed continuing so as to require You to supplement Your response with respect to any Request below if You obtain information or Documents on the basis of which You know that the response was misleading and/or incorrect and/or the response was not complete.

7.      With respect to any Document requested that was, but no longer is, in Your possession or subject to Your control, state whether said Document:

(a)      is missing or lost;
(b)      has been destroyed;
(c)      has been transferred, voluntarily or involuntarily, to any other Person or entity; or
(d)      has been otherwise disposed of.

## DOCUMENT REQUESTS

1.      All Documents and Communications Evidencing and/or Relating To payments of money by any Person to any of the Judgment Debtors.

2.      All Documents and Communications Evidencing and/or Relating To income and/or assets of any of the Judgment Debtors.

3.      All Documents and Communications Evidencing and/or Relating To any amounts owed by You to any of the Judgment Debtors, and the schedule under which payments will be made.

4.      All Documents and Communications Evidencing and/or Relating To any amounts owed by any of the Judgment Debtors to You, and the schedule under which payments will be made.

5.      All Documents and Communications Evidencing and/or Relating To the Triton Loan of December 30, 2021 and the associated indemnification agreement.

6.      All Documents and Communications Evidencing and/or Relating To any employment or retainer agreements between You and any Judgment Debtor.

7.      All Documents and Communications Evidencing and/or Relating To amounts paid by You to Triton Marine Holdings, LLC for "Construction Services" during the Relevant Period as reflected in the invoices attached as **Exhibit 3**, as well as the work performed by Triton in consideration for these amounts.

4

8.     All Documents and Communications Evidencing and/or Relating To any work performed for You, whether for financial consideration or otherwise, by any of the Judgment Debtors.

9.     All Communications (that pertain to the payment of any money, and/or any contract and/or services) between You and any of the Judgment Debtors during the Relevant Period.

10.     All Documents and Communications Evidencing and/or Relating To payments made from You to any of the Judgment Debtors during the Relevant Period.

11.     All Documents and Communications Evidencing and/or Relating To payments made from any of the Judgment Debtors to You during the Relevant Period.

12.     All Documents and Communications Relating To any anticipated and/or future payments from You to any of the Judgment Debtors.

13.     All Documents and Communications Relating To any anticipated and/or future payments from any of the Judgment Debtors to You.

14.     All Documents reflecting Communications between You and any third party, from the Relevant Period to the present, Evidencing or Relating To any and all assets and/or transfers of assets to and/or from either and/or both of the Judgment Debtors (and/or any purported assignee and/or successor in interest).

15.     All Documents reflecting Communications between You and any third party from the Relevant Period to the present, Evidencing or Relating To any expected income, assets and/or funds to be received by either and/or both of the Judgment Debtors (and/or any purported assignee and/or successor in interest).

16.     All Documents and Communications Evidencing and/or Relating To the transfer of assets or liabilities by You to the Judgment Debtor.

17.     All Documents and Communications Evidencing and/or Relating To the transfer of assets or liabilities to You by the Judgment Debtor.

18.     All contracts between You and any of the Judgment Debtors from January 1, 2015 through the present date.

19.     All Documents that pertain to monies exchanged between You and any of the Judgment Debtors, whether in Trust or in title.

20.     A copy of Your Articles of Incorporation and/or Articles of Organization and any amendments thereto.

21.     A copy of Your By-Laws and any amendments thereto.

22.     A copy of the Certificate of Incorporation (and/or Organization) from a Secretary of State Evidencing Your existence as a formal business entity.

23.    A copy of Your Notice of Incorporation (and/or Organization) as it appeared when first published.

24.    Copies of the minutes of all Your meetings of shareholders and/or Owners/directors/officers in which the Judgment Debtors were discussed.

25.    Copies of the minutes of all meetings of Your Board of Directors in which the Judgment Debtors were discussed.

26.    All Documents Evidencing and/or Relating To loans (and/or a transfer of money and/or property) by You to any corporation and/or business entity in which any of the Judgment Debtors has an interest (directly or indirectly).

27.    All Documents Evidencing and/or Relating To loans (and/or a transfer of money and/or property) to You from any corporation and/or business entity in which any of the Judgment Debtors has an interest (directly or indirectly) and/or any party to this litigation.

28.    Copies of corporate/business records or ledgers Evidencing the identity and address of each person or entity who has Owned stock and has/had Ownership Interest in You during the past five (5) years, the consideration paid or promised for the stock and/or Ownership Interest, and the date(s) on which the consideration was paid or promised.

29.    Copies of corporate/business records or ledgers Evidencing the payment of dividends and/or draws to any shareholder and/or Owner since Your incorporation and/or organization, to whom the dividends/draws were paid, the amounts paid, and the date(s) of such payments.

30.    For each bank account maintained in Your name, a copy of the monthly statement(s) for the Relevant Period, ending with the date of Your response to these requests.

31.    All Documents related to wages, income and/or other monies to any of the Judgment Debtors for the Relevant Period, ending with the date of Your response to these requests.

32.    Copies of any and all Documents to/from any governmental entity that relate to assets of the Judgment Debtors.

33.    All Documents and/or Communications Evidencing or Relating To Your payment of Judgment Debtors' legal fees, expenses, and/or costs (including, without limitation, any retainer payments) during the Relevant Period.

34.    All Documents and/or Communications between You and any of the Judgment Debtors Relating To tax withholdings to any local, state, federal, or international taxing authority.

35.    All Documents and/or Communications Evidencing or Relating To employment agreements and/or bonuses between You and any of the Judgment Debtors.

36.    All Documents and Communications Evidencing and/or Relating To any and all employees that were once employed or continue to be employed by You who once were or

currently are employed by any of the Judgment Debtors, or any employees shared in any way between You and any of the Judgment Debtors.

37.   All Documents and Communications Evidencing and/or Relating To mergers, de factor mergers, joint ventures, partnerships, affiliations, sales, purchases, acquisitions, pledges, transfers, assignments, conveyances, and/or other transactions regarding any of the Judgement Debtors' assets and/or debts, including the assets and/or debts of any and all of their affiliates.

38.   All Documents and Communications Relating To Judgment Debtors and/or their partners, members, directors, managers, officers, agents, employees, accountants, counsel, subsidiaries, parent organizations, predecessor(s) in interest, successor(s) in interest, and any other person or entities under the control or direction of any of the foregoing or purporting to act on behalf of any of them.

39.   All Documents and Communications Evidencing and/or Relating To the relationship between You and any of the Judgment Debtors.

40.   All Documents and Communications Evidencing and/or Relating To the relationship between You and M Development, LLC.

41.   All Documents and Communications Evidencing and/or Relating To any transactions, deposits, or withdrawals for any checking account, savings account, certificate of deposit, money market account, cryptocurrency wallets, company credit card accounts, and/or any other such account with any financial institution, whether foreign, domestic or other, whether registered in Your name alone but which any Judgment Debtor has or had access to, in the name of You or Judgment Debtors or others (including, but not limited to entities), in Your name or the names of Judgment Debtors as trustee for another or others, in the name of another or others as trustee for You or Judgment Debtors, any partnership, Trust and/or other entity in which You or Judgment Debtors have and/or had an interest or have or had authority to represent in connection therewith (including cancelled checks, wire transfer confirmations, check stubs, bank or other statements, ledgers, passbooks and/or correspondence).

42.   All Documents and Communications Evidencing and/or Relating To expenses incurred by any of the Judgment Debtors through any accounts affiliated with You, including company credit cards, business travel, personal services, corporate memberships, or any other such accounts.

43.   All Documents and Communications Evidencing and/or Relating To any K-1, W-2, 1099, tax return, or extension for tax returns not yet filed, including, without limitation, any income, intangible, property or gift tax return, filed by You with any local, state, federal, or foreign government during the Relevant Period, including all exhibits, forms, and schedules attached to the tax returns.

44.   All Documents and/or Communications from the Relevant Period to the present Relating To (i) any cash withdrawals by the Judgment Debtors, (ii) the spending of cash on any property, goods or services by the Judgment Debtors, and/or (iii) the storage of and/or saving of cash outside of financial institutions by the Judgment Debtors (e.g., in a safe, etc.).

45.     All Documents and Communications Evidencing and/or Relating To all donations, charitable gifts, or endowments by You or Judgment Debtors to any Persons or entities, including, without limitation, charitable funds, religious organizations, educational institutions, municipalities, non-profit organizations, hospitals, business leagues, recreation clubs, lodges, fraternities, societies, labor organizations, cooperatives, social welfare organizations, veterans organizations, medical charities, charitable risk pools, and child care organizations.

46.     All Documents and Communications Evidencing and/or Relating To any interest whatsoever that Judgment Debtors have and/or had in any domestic Real Estate located within the United States, including, without limitation, its territories, dependencies, tribal sovereignties, occupation zones, or other administrated areas, incorporated or unincorporated, including, without limitation, along with any and all written opinions or appraisals that You or Judgment Debtors have received or contracted for, reflecting values on any domestic Real Property that You or Judgment Debtors presently Own, either legally or beneficially, and/or property which You or Judgment Debtors have owned during the Relevant Period.

47.     All Documents and Communications between or among You, including Mark Hunt, and/or Judgment Debtors Relating To the payment of any expenses, including personal, legal, business, or otherwise by You, Mark Hunt, and/or M Development, LLC on behalf of any of the Judgment Debtors.

48.     Any and all Documents and/or Communications not specifically requested herein that relate to any assets of any of the Judgment Debtors.

# EXHIBIT 1

**THIS AMENDED AND RESTATED PROMISSORY NOTE (THIS "NOTE") HAS NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "ACT") OR ANY STATE SECURITIES LAW. THIS NOTE IS NON-NEGOTIABLE AND MAY NOT BE OFFERED, SOLD OR OTHERWISE TRANSFERRED, PLEDGED OR HYPOTHECATED BY THE HOLDER HEREOF.**

## AMENDED AND RESTATED PROMISSORY NOTE

$4,164,759.90                                                    Chicago, Illinois
                                                    Effective December 30, 2021

FOR VALUE RECEIVED, the undersigned, Triton Marine Holdings, LLC, an Illinois limited liability company ("Maker"), agrees to pay to M Sourcing, LLC, a Colorado limited liability company, or its assignee or any subsequent assignee hereof (any of them, "Payee"), the sum of Four Million One Hundred Sixty Four Thousand Seven Hundred Fifty Nine and 90/100 Dollars ($4,164,759.90), plus interest at the Applicable Federal Rate of Zero and 19/100 percent (0.19%) per annum, compounded annually and computed on the basis of a 365-day year for the actual number of days elapsed from the date hereof until paid in accordance with the terms hereof (the "Total Note Amount"). This Note amends and restates in its entirety, and is a complete novation of, that certain Promissory Note dated effective as of December 28, 2021, made by Maker in favor of Mark Hunt (the "Initial Promissory Note"), and Maker is hereby released from all obligations set forth in the Initial Promissory Note.

1.    Payments: This Note will be payable by Maker to Payee in eight (8) equal annual installments of principal and interest in the aggregate annual amount of $524,602.74 ("Annual Payments"), in accordance with the amortization table attached hereto as **Exhibit A**, which is hereby incorporated in this Note. Payments shall be due on the first day of January each calendar year, commencing on January 1, 2022 (i.e., year 1).

2.    Maturity Date: Except as otherwise provided herein, all outstanding principal and all accrued and unpaid interest on this Note will be due and payable on January 1, 2029 (i.e., year 8) (the "Maturity Date").

3.    Advance Payment: Maker may, without penalty, prepay all or part of the principal and accrued interest due on this Note at any time and from time to time. Any prepayment of less than all the sums due under this Note will not excuse the payment of the remainder of the payments due hereunder, and will require recalculating the amortization table set forth in **Exhibit A** attached hereto with respect to the remaining payments under this Note.

4.    Acceleration: If Maker is terminated with cause or leaves the employ of Payee and the Company at any time prior to the Maturity Date, then the Total Note Amount shall be accelerated and immediately due and payable by Maker to Payee without notice. If Maker is terminated without cause at any time prior to the

Maturity Date, then the balance of any remaining unforgiven principal and interest shall be accelerated and immediately due and payable by Maker to Payee without notice. Any principal and interest accelerated under this section are not eligible to be forgiven under Section 2 of this Note.

5.    Waivers: Presentment of payment, notice of dishonor, protest and notice of protest are hereby waived.

6.    Default: Each of the following will constitute an event of default under this Note, after notice if required, time being of the essence (each, an "Event of Default"):

(a)    Maker fails to make any payment when due under this Note;

(b)    Any breach by Maker of any covenant contained in this Note;

(c)    Any breach by Payee of any covenant contained in this Note;

(d)    Maker quits or leaves the employ of Payee prior to the Maturity Date;

(e)    Maker becomes bankrupt or admits in writing an inability to pay Maker's debts as they become due, makes an assignment for the benefit of creditors, consents to the appointment of a trustee or receiver, or files for relief in bankruptcy, or other proceedings for relief in equity or under any acts of Congress or any laws of any state of the United States relating to the relief of debtors;

(f)    A trustee or receiver is appointed for Maker or for part of Maker's property without Maker's consent;

(g)    Bankruptcy or insolvency proceedings, or other proceedings for relief in equity or under any acts of Congress or any laws of any state of the United States relating to the relief of debtors are instituted against Maker or are consented to by Maker; or

(h)    If at any time Payee has a good faith, reasonable belief that Maker no longer has the desire, willingness, or ability to render services to Payee and the Company in a faithful, dutiful, and loyal manner.

In the case of any such Event of Default, the entire unpaid principal balance of this Note, together with all accrued and unpaid interest thereon, shall forthwith be accelerated and become immediately due and payable without notice (the "Accelerated Payments" or "Acceleration").

7.    Notice of Default: Maker will immediately and without notice be deemed in default under this Note (which shall constitute an Event of Default), if Maker fails to perform the terms, covenants, and conditions of this Note, other than the failure to make payments on the Note. If (a) Maker fails to make any payment due under this Note within five (5) business days after the due date for such payment, (b) Payee has

2

MDEV-000008

given written notice to Maker of Maker's failure to make such payment in a timely manner, and (c) Maker has not made such payment within five (5) business days after Maker's receipt of such notice, then Maker will be deemed in default under this Note (which shall constitute an Event of Default).

8.  Payee's Rights: After an Event of Default, whether by Acceleration or otherwise, all past due principal and accrued and unpaid interest shall bear interest at a default rate equal to five percent (5%) per annum.

9.  Assignment: This Note may be assigned by Payee, any assignee of Payee, or any subsequent assignee, in each case without prior notice or consent of Maker. This Note shall transfer to the estate of Payee in the event of the death of Payee. This Note may not be assigned by Maker.

10. Confession of Judgment; Enforcement of Judgment: To further secure payment hereof, Maker hereby irrevocably authorizes any attorney of any court of record to appear for Maker, at any time from time to time after payment is due, whether by Acceleration or otherwise, and confesses judgment, without process, in favor of Payee against Maker for such amount that may be unpaid hereunder, together with statutory interest and costs of such proceeding, with any state court located in Cook County, Illinois or federal court located in Chicago, Illinois, at any time after any part of any principal and interest is past due under this Note. Maker hereby confesses judgment, without process, in favor of Payee and against Maker for such amount as may be unpaid hereunder, together with statutory interest, attorneys' fees, and the costs of such proceeding. Maker hereby waives and releases all errors which may intervene in any such proceeding and hereby consents to immediate execution upon said judgment, hereby ratifying and confirming all that said attorney, Payee, or any attorney acting for Payee may do by virtue hereof. Maker hereby waives and fully releases any attorney-in-fact obtained by Payee or Payee's counsel to confess judgment on Maker's behalf. Neither Maker, nor any attorney acting for Maker, shall seek to open said judgment or contest the enforcement of any such judgment sought to be enforced by Payee under this Section 10. Maker acknowledges that this Note is being executed in Illinois.

11. Indemnification Agreement. The parties hereby agree that the obligations of Maker set forth in this Note, including without limitation the obligations to pay principal and interest hereunder, are subject to the terms and conditions set forth in that certain Amended and Restated Indemnification Agreement between Spiro Tsaparas, Payee, M Development, LLC, and Mark Hunt dated December 30, 2022, including without limitation the offset provisions set forth therein.

12. Severability. If one or more provisions of this Note is (are) held to be unenforceable under applicable law, then such provision(s) shall be excluded from this Note and the balance of the Note shall be interpreted as if such provision(s) were so excluded and shall be enforceable in accordance with its terms.

3

MDEV-000009

13.  Additional Costs and Expenses. Maker shall pay all costs and expenses incurred by Payee in collecting the obligations hereunder, including, without limitation, reasonable attorneys' fees and court costs incurred by Payee in collection of this Note. These costs and expenses shall include, without limitation, any costs or expenses incurred by Payee in any bankruptcy, reorganization, insolvency or other similar proceedings of Maker. The rights and remedies of Payee stated herein are cumulative to and not exclusive of any rights or remedies otherwise available to Payee at law or in equity.

14.  Choice of Laws: This Note will be governed by the internal laws, without regard to conflict of laws, of Illinois. Any suit or action on this Note shall be brought in any state or federal court having its situs in Cook County, Illinois, which shall be the exclusive jurisdiction for such suits, and each party hereby irrevocably submits to the jurisdiction of these courts.

[*Remainder of Page Intentionally Left Blank; Signature Page Follows*]

4

CONFIDENTIAL                    MDEV-000010

IN WITNESS WHEREOF, Maker and Payee have executed this Note, and Mark Hunt, Maker, and Payee have each consented to the novation of the Initial Promissory Note effected by this Note, in each case effective as of the dates indicated below.

**Maker:**

Triton Marine Holdings, LLC

By:
Name: Spiro Tsaparas
Title: Manager
Date:     12-30-2022

**Payee:**

M Sourcing, LLC

By:
Name: Mark Hunt
Title: Manager
Date:     12-30-2022

**Consent to the novation of the Initial Promissory Note effected by this Note:**

Mark Hunt, individually
Date:     12-30-2022

*[Signature Page to Amended and Restated Promissory Note]*

5

CONFIDENTIAL

## EXHIBIT A

### Amortization Table

| | | |
|---|---|---|
| Year 1 | Due: January 1, 2022 | $524,602.74 |
| Year 2 | Due: January 1, 2023 | $524,602.74 |
| Year 3 | Due: January 1, 2024 | $524,602.74 |
| Year 4 | Due: January 1, 2025 | $524,602.74 |
| Year 5 | Due: January 1, 2026 | $524,602.74 |
| Year 6 | Due: January 1, 2027 | $524,602.74 |
| Year 7 | Due: January 1, 2028 | $524,602.74 |
| Year 8 | Due: January 1, 2029 | $524,602.74 |

32720641

6

CONFIDENTIAL

MDEV-000012

# EXHIBIT 2

## AMENDED AND RESTATED INDEMNIFICATION AGREEMENT

This AMENDED AND RESTATED INDEMNIFICATION AGREEMENT (this "Agreement") is made and entered into as of December 30, 2022, by and among Spiro Tsaparas ("Indemnitor"), on the one hand, and Mark Hunt ("Hunt"), M Development, LLC, an Illinois limited liability company ("M Development"), and M Sourcing, LLC, a Colorado limited liability company (the "Company" and, collectively with Hunt, M Development, and each of their respective affiliates, successors, and assigns, "Indemnitees"; and, each of the Indemnitees, an "Indemnitee"), on the other hand. Indemnitor and Indemnitees are sometimes referred to herein individually as a "Party" and collectively as the "Parties."

### RECITALS

WHEREAS, the Company has loaned $4,164,759.90 to Triton Marine Holdings, LLC, an Illinois limited liability company ("Triton"), which is an affiliate of Indemnitor, pursuant to that certain Amended and Restated Promissory Note issued by Triton in favor of the Company on the date hereof (the "Note");

WHEREAS, the Company intends to employ Indemnitor pursuant to that certain Employment Agreement entered into by the Company and Indemnitor on the date hereof (the "Employment Agreement"); and

WHEREAS, in connection with the Note and the Employment Agreement, the Parties desire for Indemnitor to indemnify Indemnitees on the terms and conditions set forth in this Agreement.

NOW, THEREFORE, in consideration of the foregoing recitals, which are hereby incorporated in this Agreement, and the mutual agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.      Indemnification by Indemnitor. Indemnitor hereby agrees to indemnify each Indemnitee and to hold each Indemnitee harmless against, and to promptly reimburse each Indemnitee for, from and against each and every demand, claim, loss (which shall include any diminution in value), liability, judgment, damage, cost and expense (including, without limitation, interest, penalties, costs of preparation and investigation, and the reasonable fees, disbursements and expenses of attorneys, accountants and other professional advisors) (collectively, "Losses") imposed on or incurred by such Indemnitee, in each case directly or indirectly relating to, resulting from, or arising out of or in connection with any one or more of the Note, the Employment Agreement, or any claim, demand, litigation, or regulatory action by any third party against or relating to Indemnitor or any one or more of his business companies or business dealings or business affairs, including but not limited to claims by any one or more of the creditors or judgment creditors of Indemnitor.

2.      Notice and Defense of Third-Party Claims. If any action, claim or proceeding is brought or asserted under this Agreement against any one or more of Indemnitees in respect of which indemnity may be sought under this Agreement from Indemnitor, such Indemnitee(s) shall

give prompt written notice of such action or claim to Indemnitor, who shall assume the defense thereof, including the employment of counsel reasonably satisfactory to such Indemnitee(s) and the payment of all expenses; except that any delay or failure to so notify Indemnitor shall relieve Indemnitor of his obligations hereunder only to the extent, if at all, that he is prejudiced by reason of such delay or failure. Indemnitees shall have the right to employ separate counsel in any of the foregoing actions, claims or proceedings and to participate in the defense thereof, but the fees and expenses of such counsel shall be at the expense of Indemnitees unless both Indemnitees and Indemnitor are named as parties and Indemnitees shall in good faith determine that representation by the same counsel is inappropriate. In the event that Indemnitor, within ten (10) days after notice of any such action or claim, fails to assume the defense thereof, Indemnitees shall have the right to undertake the defense, compromise or settlement of such claim, action or proceeding for the account of Indemnitor, subject to the right of Indemnitor to assume to the defense of such action, claim or proceeding with counsel reasonably satisfactory to Indemnitees at any time prior to the settlement, compromise or final determination thereof. Anything in this Agreement to the contrary notwithstanding, Indemnitor shall not, without Indemnitee's prior written consent (which consent shall not be unreasonably withheld, conditioned, or delayed), settle or compromise any action or claim or proceeding or consent to entry of any judgment with respect to any such action or claim unless it (i) does not involve any finding or admission of any violation of law or any violation of the rights of any person and would not have any adverse effect on any other claims that may be made against Indemnitee, (ii) does not involve any relief other than monetary damages that are paid in full by Indemnitor, and (iii) completely, finally and unconditionally releases Indemnitees in connection with such action or claim and would not otherwise adversely affect Indemnitees.

3.    Procedures for Payment of Indemnification Obligation; Offset. Once a Loss is agreed to by Indemnitor or finally adjudicated to be payable pursuant to this Agreement, any and all such indemnifiable Losses shall be satisfied by Indemnitor, within fifteen (15) business days of such Losses being agreed to in writing or such final, non-appealable adjudication, by wire transfer of immediately available funds. Notwithstanding anything to the contrary set forth in this Agreement, Indemnitees may seek to satisfy all such indemnifiable Losses from Indemnitor personally and may offset such indemnifiable Losses against any amount(s) otherwise payable by either or both Indemnitees to Indemnitor, including such amount(s) pursuant to the Note and/or the Employment Agreement, including provisions in the Employment Agreement relating to base salary, bonus, reimbursement of expenses, and any forgiveness of amounts due under the Note.

4.    Limitations on Indemnification Obligation.

a.    Except in the case of fraud, the maximum liability of Indemnitor for indemnification obligations hereunder shall not exceed the aggregate amount of outstanding principal and accrued but unpaid interest under the Note.

b.    For the purposes of calculating Losses under this Agreement, (i) such Losses shall be reduced by the amount of any proceeds that the applicable Indemnitee actually recovers (reduced by deductibles paid and the portion of any increase in deductibles, increase in premiums, costs of collection and/or retro-premiums resulting

2

from such matter) pursuant to the terms of any insurance policies; provided, however, that such Indemnitee shall promptly reimburse Indemnitor for any subsequent recoveries from such sources, if previously indemnified hereunder, so as to avoid a double recovery; and (ii) such Losses shall be reduced by the amount of any actual Tax benefit received by an Indemnitee as a result of such Losses.

c.     Each Indemnitee shall take, and cause his or its affiliates to take, all reasonable steps to mitigate any Loss upon becoming aware of any event or circumstance that would be reasonably expected to, or does, give rise to any Loss.

5.     Survival.  All covenants and agreements made by any Party hereunder shall survive in accordance with their terms or, if no term is stated, for six (6) years. Any claim for indemnification for which notice has been given within the prescribed survival period may be prosecuted to conclusion notwithstanding the subsequent expiration of such period.

6.     Miscellaneous Provisions.

a.     Any notice or other communication required or which may be given hereunder shall be in writing and shall be delivered personally, sent by certified or registered mail, postage prepaid, return receipt requested, by electronic mail, or delivered by overnight courier to Indemnitor or Indemnitees at the following addresses (or to such other addresses as any such Party may from time to time specify in writing pursuant to this Section 6(a):

If to Indemnitees:          M Development, LLC and M Sourcing, LLC
                            516 E. Hyman Ave., 2nd Floor
                            Aspen, CO 81611
                            Attn:     Mark Hunt
                            Email:    mhunt@mdevco.com

Any such notice or communication that is addressed as provided in this Section 6(a) will be deemed given (a) upon delivery, if delivered personally; (b) on the third business day after deposit in the United States mails, if delivered by certified or registered mail; (c) if delivered by electronic mail (with delivery receipt requested), on the date of transmission if on a business day before 5:00 p.m. local time of the recipient party (otherwise on the next succeeding business day); and (d) on the first business day of the receiving Party after the delivery to the courier, if delivered by overnight courier.

b.     This Agreement contains the entire agreement among the Parties with respect to the subject matter hereof and supersedes all prior agreements or understandings, whether written or oral, with respect thereto.

c.     This Agreement may be amended, modified, superseded, cancelled, renewed, or extended, and the terms and conditions hereof may be waived, only by a written instrument which specifically references this Agreement and which is signed by all of the Parties or, in the case of a waiver, signed by the Party waiving compliance. No delay on the part of any Party in exercising any right, power or privilege hereunder shall

3

MDEV-000004

operate as a waiver thereof, nor shall any waiver on the part of any Party of any right, power or privilege hereunder, or any single or partial exercise of any right, power or privilege hereunder, preclude any other or further exercise thereof or the exercise of any other right, power or privilege hereunder. Except as otherwise provided herein, the rights and remedies herein provided are cumulative and are not exclusive of any rights or remedies that any Party may otherwise have at law or in equity.

      d.     This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois, without giving effect to the choice of law principles thereof. Venue for the adjudication or resolution of any disputes or claims arising under this Agreement shall be in a court of competent jurisdiction situated in Cook County, Illinois.

      e.     This Agreement shall not be assigned by operation of law or otherwise; provided, however, that without any consent required, Indemnitees may, by providing written notice to Indemnitor, assign this Agreement and Indemnitees' rights and obligations hereunder in whole or in part (i) to an affiliate of Indemnitees and (ii) to any person who acquires the Company or all or a substantial portion of the assets of the Company (by merger, recapitalization, sale of stock or otherwise). Notwithstanding the foregoing, either or both of the Indemnitees may, without any consent required, assign his or its rights, but not his or its obligations, under this Agreement to any of its financing sources.

      f.     All pronouns and any variations thereof refer to the masculine, feminine or neuter, singular or plural, as the context may require.

      g.     This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Counterparts may be delivered via facsimile, electronic mail (including pdf or any electronic signature complying with the U.S. federal ESIGN Act of 2000, e.g., www.docusign.com) or other transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

      h.     The headings in this Agreement are for reference only and shall not affect the interpretation of this Agreement. Each and every provision of this Agreement shall be treated as separate and distinct and, in the event of any provision hereof being declared invalid, such invalid provision shall be deemed amended to the extent required to make it valid and enforceable, and such amended provision and the remaining provisions of this Agreement shall remain in full force and effect if such does not defeat the intent of this Agreement. The Parties hereto have participated jointly in the negotiation and drafting of this Agreement and the agreements ancillary hereto.

[*Signature Page Follows*]

4

**CONFIDENTIAL**

**MDEV-000005**

IN WITNESS WHEREOF, this Agreement has been duly executed and delivered by each of the Parties or by duly authorized representatives of such Parties, on the date first above written.

**Indemnitor:**

SPIRO TSAPARAS, individually

**Indemnitees:**

MARK HUNT, individually

M DEVELOPMENT, LLC

By:
Name: Mark Hunt
Title:   Manager

M SOURCING, LLC

By:
Name: Mark Hunt
Title:   Manager

*[Signature Page to Indemnification Agreement]*

31297141

**CONFIDENTIAL**                              **MDEV-000006**

# EXHIBIT 3

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 001
DATE: 08/26/2022

**TO:**
M Development
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|------|-------------|--|-------|
| 8/26/2022 | Construction Services (8/7/2022-8/20/2022) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | SUBTOTAL | $19,230.77 |
| | | SALES TAX | |
| | | SHIPPING & HANDLING | |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

**CONFIDENTIAL**

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 002
DATE: 09/09/2022

**TO:**
M Development
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|------|-------------|---|-------|
| 8/26/2022 | Construction Services (8/21/2022-9/04/2022) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | SUBTOTAL | $19,230.77 |
| | | SALES TAX | |
| | | SHIPPING & HANDLING | |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

**CONFIDENTIAL**

**MDEV-000045**

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 003
DATE: 09/19/2022

**TO:**
M Development
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|------|-------------|---|-------|
| 9/19/2022 | Construction Services (9/05/2022-9/18/2022) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | SUBTOTAL | $19,230.77 |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

**CONFIDENTIAL**

MDEV-000046

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 004
DATE: 10/03/2022

**TO:**
M Development
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|---|---|---|---|
| 10/3/2022 | Construction Services (9/18/2022-10/2/2022) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | SUBTOTAL | **$19,230.77** |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

**CONFIDENTIAL**

MDEV-000047

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 005
DATE: 10/17/2022

**TO:**
M Development
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|---|---|---|---|
| 10/17/2022 | Construction Services (10/2/2022-10/16/2022) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | SUBTOTAL | $19,230.77 |
| | | | |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

**CONFIDENTIAL**

**MDEV-000048**

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 006
DATE: 10/31/2022

**TO:**
M Development
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|------|-------------|---|-------|
| 10/31/2022 | Construction Services (10/17/2022-10/30/2022) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | SUBTOTAL | $19,230.77 |
| | | | |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

**CONFIDENTIAL**

MDEV-000049

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 007
DATE: 11/16/2022

**TO:**
M Development
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|---|---|---|---|
| 11/16/2022 | Construction Services (10/31/2022-11/13/2022) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | SUBTOTAL | $19,230.77 |
| | | | |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

**CONFIDENTIAL**

**MDEV-000050**

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 008
DATE: 11/28/2022

**TO:**
M Development
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|------|-------------|---|-------|
| 11/28/2022 | Construction Services (11/14/2022-11/27/2022) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | SUBTOTAL | $19,230.77 |
| | | | |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

**CONFIDENTIAL**

MDEV-000051

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 009
DATE: 12/12/2022

**TO:**
M Sourcing LLC
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|------|-------------|---|-------|
| 11/28/2022 | Construction Services (11/28/2022-12/11/2022) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | SUBTOTAL | $19,230.77 |
| | | | |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

**CONFIDENTIAL**

MDEV-000052

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 010
DATE: 12/22/2022

**TO:**
M Sourcing LLC
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|------|-------------|---|-------|
| 12/22/2022 | Construction Services (12/12/2022-12/25/2022) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | SUBTOTAL | $19,230.77 |
| | | | |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

**CONFIDENTIAL**

MDEV-000053

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 011
DATE: 1/10/2023

**TO:**
M Sourcing LLC
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|------|-------------|---|-------|
| 1/10/2023 | Construction Services (12/26/2022-1/08/2023) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | SUBTOTAL | $19,230.77 |
| | | | |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

**CONFIDENTIAL**

MDEV-000054

This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts. Forms are free at ilcourts.info/forms.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

NHC LLC, a Florida limited liability company,

      Plaintiff,

v.                                        Case No. 19-cv-06332

CENTAUR CONSTRUCTION COMPANY INC., an Illinois      Honorable Matthew F. Kennelly
corporation, SPIRO TSAPARAS, and PETER ALEXOPOULOS,

      Defendants.

## THIRD PARTY CITATION TO DISCOVER ASSETS TO M DEVELOPMENT, LLC

**TO:**   M Development, LLC

      c/o Mark Hunt, Registered Agent

      680 Nell Erickson

      Aspen, CO 81611

| | |
|---|---|
| In **1**, if the debtor is a person, enter the address for the debtor. If the debtor is a business, enter the name and address of the registered agent.<br><br>The registered agent can be found on the Illinois Secretary of State's website. | **1.** **This combined citation and notice is being sent to the above-referenced third-party (the "Respondent" or "You") and to the debtors referenced below (collectivley, the "Debtors") because the above-referenced Plaintiff (the "Creditor") believes the Respondent has property belonging to one or more of the Debtors:**<br><br>**Spiros Tsaparas a/k/a Spyridon Tsaparas**    **Peter Alexopoulos**<br>96 Mountain Laurel Ct., Unit A          8053 N. Ozark Ave.<br>Aspen, CO 61611                    Niles, IL 60714<br><br>**Centaur Construction Co., Inc., a dissolved Illinois Corporation**<br>Attn.: IL Secretary of State, as Reg. Agent<br>69 W. Washington St., 12th Floor<br>Chicago, IL 60602 |

**2.** **A representative from the Respondent must fill out the attached *Answer to Citation* and take the actions described in Section Four (4) below.**

| | |
|---|---|
| In **3**, you will need to find out if the appearance will be in person, or by phone or video. Contact the U.S. District Clerk by phone, or visit their website. Once you have this information, check **3a** or **3b**.<br><br>Fill out the appearance date and time, and then:<br><br>If you check **3a**, fill out the address of the building where the Debtor will attend in person.<br><br>If you check **3b**, fill out:<br>• the phone number for the U.S. Dist. Court Clerk's office.<br>• the instructions for how to appear by | **3.**  **The next court date is**  <u>02/19/2025</u>  at  <u>9:30</u>  ☑ **a.m.**  ☐ **p.m.**<br>                              *Date*            *Time*<br><br>    [X]a.  In person (unless otherwise agreed to or ordered)<br>         in Courtroom 2103 of the Everett McKinley Dirksen United States Courthouse<br><br>The address is:    <u>219 South Dearborn Street, Courtroom 2103</u><br>                      *Street*<br>Chicago, IL 60604<br>*City*                *State*             *ZIP*<br>OR<br>☐  b.  By phone or video<br>        **Information and instructions for how you must attend by phone or video:**<br><br><br>**Attending by phone or video is also called a "Remote Appearance." For more information, call the U.S. Dist. Court for the Northern Dist. of Illinois (Eastern Division) Court Clerk at (312) 435 5670 or visit their website (www.ilnd.uscourts.gov).** |

Enter the Case Number given by the Clerk: 19-cv-06332

| | |
|---|---|
| **Notice to Debtors** | • You can attend court on the court date listed in section 3. You may be able to claim certain protections (exemptions) at that court date. For a list of exemptions see section 5 below. See *How to File an Emergency Motion to Claim Exemption* for information on how to file this *Motion*.<br>• If you need to go to court earlier than the court date listed in section 3, you can file an *Emergency Motion to Claim Exemption*.<br>• You do not have to attend court. However, if you do not attend, and you have money in this bank, the court may turn your money over to the creditor. |
| **Notice to Respondent** | • If you do not answer or attend court on the date listed in section 3, the judge may do one of two things:<br>    ○ Issue a rule to show cause; OR<br>    ○ Enter a conditional judgment.<br>• If there is a rule to show cause court date, you will have to explain why you did not attend court on the court date and why you should not be found in contempt of court. If you do attend the rule to show cause on the set court date, the judge may find you in contempt, and you might be arrested and jailed.<br>• If the court enters a conditional judgment, you will have 30 days to answer or appear. If you fail to do so, then the court may enter a final judgment against you. |

**The Respondent's duties and obligations**:

4. The Respondent must file the *Answer* on page **4** telling the Court about all accounts or safety deposit boxes that the debtor may have an ownership interest in or appears as a signatory. The Respondent must not transfer (sell, give away or get rid of) any property not exempt from the enforcement of a judgment. This prohibition shall remain in effect until further order of the court or termination of the proceeding. The Respondent is required to withhold double the unpaid amount listed below in paragraph **6.** The Respondent is not required to withhold beyond double the unpaid amount listed below.

**THE RESPONDENT IS FURTHER COMMANDED** to produce the documents described in the attached Rider no less than fourteen (14) calendar days before the examination date to Zachary J. Watters, Vedder Price P.C., at 222 North LaSalle Street, Suite 2400, Chicago, Illinois 60601 (zwatters@vedderprice.com. **THE RESPONDENT IS PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the Debtors or to which the Debtors may be entitled or which may be acquired by or become due to the Debtors and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the Debtors until further order of court or termination of the proceedings. The Respondent is not required to withhold the payment of any money beyond double the amount of the judgment. If the responsive account(s) consists solely of funds that can be identified as exempt under federal or state law, the Respondent is PROHIBITED from withholding the funds, and the Respondent must respond that the funds are exempt. Deposited funds that are exempt under federal and state law include Social Security Disability Insurance (SSDI) and Social Security Retirement Insurance (SSRI), Supplemental Security Income (SSI), veteran's benefits, public assistance benefits, unemployment compensation benefits, child support and/or circuit breaker property tax relief benefits.

5. Each of the Debtors have the right to claim certain protections ("exemptions"). If the Debtors claim an exemption, the income or property covered by that exemption cannot be taken to pay the judgment. Here are some exemptions one or more of the Debtors may be able to claim:

    1. Money or belongings up to $4,000 ( wildcard exemption );
    2. Social Security, Supplemental Security Income benefits, and disability;
    3. Public assistance benefits;
    4. Child support;
    5. Unemployment compensation benefits;
    6. Workers' compensation benefits;
    7. Veteran's benefits;
    8. Circuit breaker property tax relief benefits;
    9. The respective Debtor's equity interest, up to $2,400, in any one motor vehicle;
    10. The respective Debtor's equity interest, up to $1,500, in any professional books, or tools of their trade;
    11. Pension and retirement benefits and refunds; AND
    12. The respective Debtor's equity interest, up to $15,000, in the house they live in.

Enter the Case Number given by the Clerk: 19-cv-06332

<table>
<tr><td>

**To debtor:** see
*Emergency Motion to
Claim Exemption* for
further instruction on
how to ask the court for
these exemptions.

</td><td>

The Debtors have the right at the court date listed in section **3** to declare property or income as exempt. The Debtors also have the right to ask for these exemptions at an earlier date by notifying the clerk in writing at the office of the Circuit Clerk. A court date will be promptly set. Necessary forms must be prepared by the Debtors and sent to the Respondent and the Creditor or the Creditor's attorney.

</td></tr>
</table>

6.  **Certification by the Creditor:**

In **6a**, enter the name of the debtor and the date of the judgment. If the judgment has been renewed ("revived"), enter that date.

In **6b**, enter the amount of the judgment.

In **6c**, enter how much is still owed to you. You are entitled to the judgment amount, court costs (e.g., filing fees, service fees, sheriff's fee, etc.), and post judgment interest of 9% per year. Subtract any payments made by the debtor.

**A judgment was entered against the Debtors (jointly and severally) on March 15, 2023 in an aggregate original principal amount of no less than $22,272,124.34, plus post judgment interest at the statutory rate. A true and correct copy of the referenced judgment is enclosed herewith. The current amount that remains to be paid, including the Creditor's court costs and post judgment interest, minus any applicable payments which have been made, is no less than $21,000,000.00 as of the date of the issuance of this Third Party Citation to Discover Assets, plus court costs of this proceeding.**

You must mail this *Citation* by first-class regular mail to the debtor.

**I certify I will mail by regular first-class mail a copy of this *Third-Party Citation* to the Debtors at the addresses shown above within 3 business days after service on the Respondent s registered agent.**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**I certify that everything in this *Third Party Citation to Discover Assets* is true and correct. I understand that making a false statement on this form is perjury and has penalties provided by law under 735 ILCS 5/1-109.**

If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign and print your name.

| | |
|---|---|
| /s/ Zachary J. Watters | 222 North LaSalle Street, Suite 2400 |
| *Your Signature* | *Street Address* |
| Zachary J. Watters (Vedder Price P.C.) | Chicago, Illinois 60601 |
| *Print Your Name* | *City, State, ZIP* |
| zwatters@vedderprice.com | (312) 609-7594 |
| *Email* | *Telephone* |
| ARDC No. 6310675 | |
| *Attorney # (if any)* | |

Enter your complete address, telephone number, and email address, if you have one.

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

THOMAS G. BRUTON, CLERK




_____                    _____

(By) DEPUTY CLERK                                                                    DATE












THOMAS G. BRUTON, CLERK



(By) DEPUTY CLERK                                January 14, 2025

                                                                     DATE

Enter the Case Number given by the Clerk:     19-cv-06332

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NHC LLC, a Florida limited liability company,

       Plaintiff,

v.

       Case No. 19-cv-06332

CENTAUR CONSTRUCTION COMPANY INC., an Illinois
corporation, SPIRO TSAPARAS, and PETER ALEXOPOULOS,

       Honorable Matthew F. Kennelly

       Defendants.

### ANSWER TO THIRD PARTY CITATION TO DISCOVER ASSETS

**1.** **Information about the Respondent and the Debtors:**

    a.   Respondent's name:  M Development, LLC

    b.   Respondent's address:  680 Nell Erickson

| | | |
|---|---|---|
| | *Street Address* | |
| Aspen | CO | 81611 |
| *City* | *State* | *ZIP* |

    c.   Debtors' names: (1) Spiros Tsaparas a/k/a Spyridon Tsaparas

                         (2) Peter Alexopoulos

                         (3) Centaur Construction Co., Inc., a dissolved Illinois Corporation

> **To creditor:** fill out section 1. In **1a**, enter the bank's name.
>
> In **1b**, enter the bank's current address.
>
> In **1c**, enter the debtor's name.
>
> In **1d**, enter the last 4 digits of the debtor's Social Security Number.
>
> In **1e**, list the amount of the judgment.

A judgment was entered against the Debtors (jointly and severally) on March 15, 2023 in an aggregate original principal amount of no less than $22,272,124.34, plus post-judgment interest at the statutory rate. A true and correct copy of the referenced judgment is enclosed herewith. The current amount that remains to be paid, including the Creditor's court costs and post judgment interest, minus any applicable payments which have been made, is no less than $21,000,000.00 as of the date of the Third Party Citation to Discover Assets issued with this Answer form, plus court costs of this proceeding.

       **NOTICE TO RESPONDENT:** This is a *Citation.* You might need to freeze up to double the on the source of the deposits. See question 2.

> **To creditor:** leave the rest of the form blank.
>
> **To Respondent**: fill out the remaining parts of this form and sign it. Then file this *Answer* with the court and send a copy to the creditor. Contact the Clerk for instructions on how to file this *Answer* with the court.

**2.** **Interrogatories:**

    a.   On the date of service of the *Citation*, do you have any personal property or money belonging to any of the debtors?

        ☐Yes     ☐No  \*\*\*If no, do not fill out the rest of the form. Sign below.\*\*\*

    b.   Is any of the money deposited into an IRA?

        ☐Yes. If yes, do not freeze the IRA accounts.     ☐No

    c.   Have all of the deposits made during the past 90 days been electronically deposited and identified as Social Security, Unemployment Compensation, Public Assistance, Veteran's Benefits, Pension, or Retirement?

        ☐Yes. If yes, do not freeze the account.     ☐No

    d.   Is the account's current balance equal to or less than the total of the exempt deposits? ☐Yes.

    If yes, do not freeze the account.     ☐No

    If you checked **No** in **b**, **c**, and **d**, then freeze up to double the amount of the judgment.

Enter the Case Number given by the Clerk: _____19-cv-06332_____

3. **Property:**

   a. ☐ Account

| | Account Type | Account Balance | Amount Withheld |
|---|---|---|---|
| 1. | | $ | $ |
| 2. | | $ | $ |
| 3. | | $ | $ |
| 4. | | $ | $ |
| 5. | | $ | $ |
| 6. | | $ | $ |

   b. ☐ Safety Deposit    ☐ Yes    ☐ No

   c. ☐ Other property *(rents, mortgages, etc.)*

| | Describe Property | Value of Property | Amount Withheld |
|---|---|---|---|
| 1. | | $ | $ |
| 2. | | $ | $ |

   d. ☐ Less Right of Offset for Loans  $_____

   e.          **Total Amount Frozen:**  $_____

4. **List all electronic monthly deposits:**

| | Account Number | Source of Deposit | Monthly Amount |
|---|---|---|---|
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |

5. **List all joint account holders or anyone who has a claim on the property:**

> If all of the property belongs to another person who is not the debtor, do not freeze the property.

   a. _____

      *First*        *Middle*        *Last Name*

      _____

      *Street*

      _____

      *City*        *State*        *ZIP*

      Account Information:  Type: ☐ Checking   ☐ CD   ☐ Savings

      Account Number: _____

   b. _____

      *First*        *Middle*        *Last Name*

      _____

      *Street*

      _____

      *City*        *State*        *ZIP*

      Account Information:  Type: ☐ Checking   ☐ CD   ☐ Savings

      Account Number: _____

Enter the Case Number given by the Clerk: _____ 19-cv-06332 _____

c.

_____
*First*                          *Middle*                          *Last Name*

_____
*Street*

_____
*City*                                    *State*                                    *ZIP*

Account Information:    Type:    ☐ Checking    ☐ CD    ☐ Savings

Account Number: _____

| | |
|---|---|
| Under the Code of Civil Procedure, <u>735 ILCS 5/1-109</u>, making a statement on this form that you know to be false is perjury, a Class 3 Felony. | **I certify that everything in the *Answer to Citation Proceeding* is true and correct. I understand that making a false statement on this form is perjury and has penalties by law under <u>735 ILCS 5/1-109</u>.** |

<table>
<tr><td>If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign and print your name.</td><td>_____<br>*Your Signature*</td><td>_____<br>*Street Address*</td></tr>
<tr><td>Enter your complete address, telephone number, and email address, if you have one.</td><td>_____<br>*Print Your Name*</td><td>_____<br>*City, State, ZIP*</td></tr>
<tr><td rowspan="2">Mail or hand-deliver a copy of this completed *Answer* to the Clerk, plaintiff, and debtor.</td><td>_____<br>*Email*</td><td>_____<br>*Telephone*</td></tr>
<tr><td>_____<br>*Attorney # (if any)*</td><td></td></tr>
</table>

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

Case No. 1:25-cv-02537    Document 1-2    filed 08/13/25    USDC Colorado    pg 50 of
Case 1:19-cv-06332 Document #: 383 Filed: 04/21/23 Page 1 of 2 PageID #:20641
ILND 450 (Rev. 10/13) - Judgment in a Civil Action

## IN THE UNITED STATES DISTRICT COURT
### FOR THE
### NORTHERN DISTRICT OF ILLINOIS

NHC LLC,

Plaintiff(s),

v.

Centaur Construction Company Inc. et al,

Defendant(s).

Case No.  19 C 6332
Judge Matthew F. Kennelly

## AMENDED JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐   in favor of plaintiff(s)
     and against defendant(s)
     in the amount of $        ,

          which  ☐ includes        pre–judgment interest.
                 ☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

_____

☐   in favor of defendant(s)
     and against plaintiff(s)

.

Defendant(s) shall recover costs from plaintiff(s).

_____

☒   other: On Count 1 (breach of contract) – In favor of plaintiff NHC LLC and against defendants Centaur Construction Co. and Spiros Tsaparas jointly and
severally. On Count 2 (fraud) - In favor of plaintiff NHC LLC and against defendants Centaur Construction Co.; Spiros Tsaparas; and Peter Alexopoulos jointly and severally. Compensatory damages are awarded in favor plaintiff NHC LLC and against defendants Centaur Construction Co.; Spiros Tsaparas; and Peter Alexopoulos jointly and severally in the total amount of $22,272,124.34. This entire amount is attributable to Count 2 (fraud). Of this same total $22,122,124.34 is attributable to Count 1 (breach of contract) for which defendants Centaur Construction Co. and Spiros Tsaparas are jointly and severally liable. Punitive damages are awarded on Count 2 (fraud) in favor of plaintiff NHC LLC and against defendant Centaur Construction Co. in the amount of $630,666.00; against defendant Spiros Tsaparas in the amount of $1,500,000.00; and against defendant Peter Alexopoulos in the amount of $400,000.00.

_____

This action was *(check one)*:

☐ tried by a jury with Judge        presiding, and the jury has rendered a verdict.

ILND 450 (Rev. 10/13) - Judgment in a Civil Action

☐  tried by Judge _____ without a jury and the above decision was reached.

☒  decided by Judge Matthew F. Kennelly on a motion


Date:   3/15/2023                          Thomas G. Bruton, Clerk of Court

                                           Melissa Astell , Deputy Clerk

<u>**RIDER TO THIRD PARTY CITATION TO DISCOVER ASSETS**</u>
<u>**TO M DEVELOPMENT, LLC**</u>

<u>**DEFINITIONS**</u>

1.      The term "Communication" as used herein shall mean any written, electronic or verbal transmission of words or thoughts between or among two or more Persons, including, without limitation, any letter, electronic mail ("e-mail"), instant or text message, blog, web posting, interview, conference, meeting, spoken words, conversation, understanding, agreement, discussion, talks, and reports, whether transmitted in orally, in writing or by any electronic device.

2.      The term "Document" and "Documents" as used herein shall mean the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) of any written or graphic matter, however produced or reproduced, whether sent or received or neither, including drafts and both sides thereof, and including but not limited to: papers, books, letters, correspondence, telegrams, cables, telex messages, e-mails, text messages, memoranda, typed or handwritten notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews or of conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, ledgers, journals, Financial Statements, statistical records, desk calendars, appointment books, diaries, expense account records, lists, tabulations, sound recordings, computer printouts, data processing input and output, microfilms, all other records kept by electronic, photographic or mechanical means, and items similar to any of the foregoing.

3.      The term "Evidencing" as used herein shall mean proving, indicating, or probative of the existence or nature of the matter discussed.

4.      The term "Financial Statement" as used herein shall mean any Document prepared by You or at Your request reflecting Your financial condition, including, without limitation, audited and unaudited financial statements, balance sheets, profit and loss statements, cash flow statements, and any written representation by You to any creditor, Person, firm or entity from which You were or are seeking credit.

5.      The term "Judgment Debtors" as used herein shall mean Centaur Construction Company Inc., Spiro Tsaparas, and Peter Alexopoulos, who are judgment debtors in this matter, and their partners, agents, employees, accountants, counsel, trustees, predecessors/successors and/or affiliated business affiliates, including but not limited to Triton Marine Holdings, LLC, and any other Person (including, without limitation, any entities) under their control or direction, and any other Persons (including, without limitation, any entities) under the control or direction of any of the foregoing or acting on behalf of any of them, regardless of affiliation or employment.

6.      The terms "Own" and "Ownership Interest" include direct and/or indirect (i.e., through a related Person (including, without limitation, any entity)) ownership, complete and/or fractional ownership, contingent ownership, and/or present and/or future ownership.

1

7.      The term "Person" as used herein shall mean any natural Person, corporate entity, partnership, association (including professional association), sole proprietorship, or other entity.

8.      The term "Project" as used herein shall mean any collaborative business enterprise or planned undertaking by two or more Persons, contractual or implied, for profit or otherwise, for any purpose.

9.      The term "Relating To" as used herein shall mean consisting of, referring to, reflecting, supporting, prepared in connection with, used in preparation for or being in any way legally, logically or factually connected with the matter discussed.

10.     The term "Real Estate" or "Real Property" means any real property, and includes any interest in real property, including, without limitation, fractional interests, indirect interests, contingent interests, joint interests, guaranties, present and/or future interests, and/or any interest in real property through any limited and/or general partnerships.

11.     The term "Relevant Period" as used herein shall mean the period from January 1, 2019 to the present.

12.     The term "Triton Loan" as used herein shall mean the promissory note between Triton Marine Holdings, LLC and M Sourcing, LLC effective December 30, 2021 for the amount of $4,164,759.90, attached as **Exhibit 1** to this Rider, as well as the associated indemnification agreement entered into by M Development, LLC attached as **Exhibit 2** to this Rider.

13.     The term "Trust" includes any trust created by You and/or any Person (including, without limitation, any entity) in which You have any interest, whether present, future, vested and/or contingent, including, but not limited to, any trust created by You or any Person (including, without limitation, any entity) by written or verbal agreement with any Person (including, without limitation, any entity), whether such Person is identified as "trustee," "agent," "custodian," "nominee" or in any other fashion.

14.     "You" and/or "Your" as used herein shall mean M Development, LLC and each and every one of Your partners, members, directors, managers, officers, agents, employees, accountants, counsel, trustees, subsidiaries, parent organizations, predecessor(s) in interest, successor(s) in interest, and any other person (including, without limitation, any entities) under the control or direction of any of the foregoing or purporting to act on behalf of any of them, regardless of affiliation or employment.

## CONSTRUCTIONS

15.     The terms "and" as well as "or" as used herein shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Citation Rider any information which might otherwise be construed to be outside its scope.

16.     The use of the singular form of any word includes the plural and vice versa, as necessary to bring within the scope of Citation Rider any information which might otherwise be construed to be outside its scope.

2

17.     Wherever a masculine pronoun or possessive adjective appears, reference is made to male, female, nonbinary, and nongendered Persons.

18.     For purposes of limitation, each Rider request should be construed independently and not by reference to any other request.

## **INSTRUCTIONS**

1.     All Documents which are not produced because of a claim of privilege, because of a claim that such Documents form a part of the attorney's work product, or because of a claim that the Documents were prepared in anticipation of litigation, shall be identified in sufficient detail to permit a request for in camera inspection of each Document in the event any claim of privilege is disputed. In the event that any request is not answered or Document is not produced by reason of a claim of privilege, You are required to provide a log setting forth the following:

(a)     the author or originator;

(b)     each addressee or recipient of the Document or any copy thereof;

(c)     the date the Document bears or, if it bears no date, the date on which it was made;

(d)     the title or subject matter of the Document and a general description of its contents;

(e)     the nature of the Document (e.g., memorandum, telegram, chart, etc.); and

(f)     the basis or bases for the claim of privilege.

2.     To the extent that no single Document exists or is in Your possession, custody or control which contains all of the information sought in any particular request, You are to provide such other Documents in Your possession, custody or control which are sufficient to show, compute, compile or explain all of the information sought in the request or as much information as is available.

3.     The Documents produced pursuant to the subject Third Party Citation to Discover Assets and this Citation Rider are to be segregated and identified by the number of the request used in the DOCUMENT REQUESTS section of this Citation Rider to which the Documents are responsive.

4.     For each responsive Document or other requested information that You assert is privileged or is not discoverable, identify that Document or other requested information. State the specific grounds for the claim of privilege or other grounds for exclusion. Also, for each Document You claim is not discoverable, state the date of the Document; the name, job title and address of the Person (including, without limitation, any entity) who prepared it; the name, job title and address of the Person (including, without limitation, any entity) to whom it was addressed, to whom it was circulated or who saw it; the name, job title and address of the Person (including, without limitation, any entity) now in possession of the Document; the description of the subject matter of the Document; and the present location and custodian of the Document.

5.      For a responsive Document that no longer exists or that cannot be located, identify the Document, state how and when it passed out of existence or when it could no longer be located, and the reason(s) for the disappearance.  Also, identify each Person (including, without limitation, any entity) having knowledge about the disposition or loss of the Document, and identify any other Document Evidencing the lost Document's existence or any facts about the lost Document.

6.      The accompanying Third Party Citation to Discover Assets to M Development shall be deemed continuing so as to require You to supplement Your response with respect to any Request below if You obtain information or Documents on the basis of which You know that the response was misleading and/or incorrect and/or the response was not complete.

7.      With respect to any Document requested that was, but no longer is, in Your possession or subject to Your control, state whether said Document:

(a)      is missing or lost;
(b)      has been destroyed;
(c)      has been transferred, voluntarily or involuntarily, to any other Person or entity; or
(d)      has been otherwise disposed of.

## **DOCUMENT REQUESTS**

1.      All Documents and Communications Evidencing and/or Relating To payments of money by any Person to any of the Judgment Debtors.

2.      All Documents and Communications Evidencing and/or Relating To income and/or assets of any of the Judgment Debtors.

3.      All Documents and Communications Evidencing and/or Relating To any amounts owed by You to any of the Judgment Debtors, and the schedule under which payments will be made.

4.      All Documents and Communications Evidencing and/or Relating To any amounts owed by any of the Judgment Debtors to You, and the schedule under which payments will be made.

5.      All Documents and Communications Evidencing and/or Relating To the Triton Loan of December 30, 2021 and the associated indemnification agreement.

6.      All Documents and Communications Evidencing and/or Relating To amounts paid by You to Triton Marine Holdings, LLC for "Construction Services" during the Relevant Period as reflected in the invoices attached as **Exhibit 3**, as well as the work performed by Triton in consideration for these amounts.

7.      All Documents and Communications Evidencing and/or Relating To any employment or retainer agreements between You and any Judgment Debtor.

8.      All Communications (that pertain to the payment of any money, and/or any contract and/or services) between You and any of the Judgment Debtors during the Relevant Period.

9.      All Documents and Communications Evidencing and/or Relating To payments made from You to any of the Judgment Debtors during the Relevant Period.

10.      All Documents and Communications Evidencing and/or Relating To payments made from any of the Judgment Debtors to You during the Relevant Period.

11.      All Documents and Communications Relating To any anticipated and/or future payments from You to any of the Judgment Debtors.

12.      All Documents and Communications Relating To any anticipated and/or future payments from any of the Judgment Debtors to You.

13.      All Documents reflecting Communications between You and any third party, from the Relevant Period to the present, Evidencing or Relating To any and all assets and/or transfers of assets to and/or from either and/or both of the Judgment Debtors (and/or any purported assignee and/or successor in interest).

14.      All Documents reflecting Communications between You and any third party from the Relevant Period to the present, Evidencing or Relating To any expected income, assets and/or funds to be received by either and/or both of the Judgment Debtors (and/or any purported assignee and/or successor in interest).

15.      All Documents and Communications Evidencing and/or Relating To the transfer of assets or liabilities by You to the Judgment Debtor.

16.      All Documents and Communications Evidencing and/or Relating To the transfer of assets or liabilities to You by the Judgment Debtor.

17.      All contracts between You and any of the Judgment Debtors from January 1, 2015 through the present date.

18.      All Documents that pertain to monies exchanged between You and any of the Judgment Debtors, whether in Trust or in title.

19.      A copy of Your Articles of Incorporation and/or Articles of Organization and any amendments thereto.

20.      A copy of Your By-Laws and any amendments thereto.

21.      A copy of the Certificate of Incorporation (and/or Organization) from a Secretary of State Evidencing Your existence as a formal business entity.

22.      A copy of Your Notice of Incorporation (and/or Organization) as it appeared when first published.

23.      Copies of the minutes of all Your meetings of shareholders and/or Owners/directors/officers in which the Judgment Debtors were discussed.

24.    Copies of the minutes of all meetings of Your Board of Directors in which the Judgment Debtors were discussed.

25.    All Documents Evidencing and/or Relating To loans (and/or a transfer of money and/or property) by You to any corporation and/or business entity in which any of the Judgment Debtors has an interest (directly or indirectly).

26.    All Documents Evidencing and/or Relating To loans (and/or a transfer of money and/or property) to You from any corporation and/or business entity in which any of the Judgment Debtors has an interest (directly or indirectly) and/or any party to this litigation.

27.    Copies of corporate/business records or ledgers Evidencing the identity and address of each person or entity who has Owned stock and has/had Ownership Interest in You during the past five (5) years, the consideration paid or promised for the stock and/or Ownership Interest, and the date(s) on which the consideration was paid or promised.

28.    Copies of corporate/business records or ledgers Evidencing the payment of dividends and/or draws to any shareholder and/or Owner since Your incorporation and/or organization, to whom the dividends/draws were paid, the amounts paid, and the date(s) of such payments.

29.    For each bank account maintained in Your name, a copy of the monthly statement(s) for the Relevant Period, ending with the date of Your response to these requests.

30.    All Documents related to wages, income and/or other monies to any of the Judgment Debtors for the Relevant Period, ending with the date of Your response to these requests.

31.    Copies of any and all Documents to/from any governmental entity that relate to assets of the Judgment Debtors.

32.    All Documents and/or Communications Evidencing or Relating To Your payment of Judgment Debtors' legal fees, expenses, and/or costs (including, without limitation, any retainer payments) during the Relevant Period.

33.    All Documents and/or Communications between You and any of the Judgment Debtors Relating To tax withholdings to any local, state, federal, or international taxing authority.

34.    All Documents and/or Communications between You and any taxing authority Relating To Judgment Debtors' tax withholdings and/or monies owed to any taxing authorities.

35.    All Documents and Communications Evidencing and/or Relating To any and all employees that were once employed or continue to be employed by You who once were or currently are employed by any of the Judgment Debtors, or any employees shared in any way between You and any of the Judgment Debtors.

36.    All Documents and Communications Evidencing and/or Relating To mergers, de factor mergers, joint ventures, partnerships, affiliations, sales, purchases, acquisitions, pledges,

transfers, assignments, conveyances, and/or other transactions regarding any of the Judgement Debtors' assets and/or debts, including the assets and/or debts of any and all of their affiliates.

37.    All Documents and Communications Relating To Judgment Debtors and/or their partners, members, directors, managers, officers, agents, employees, accountants, counsel, subsidiaries, parent organizations, predecessor(s) in interest, successor(s) in interest, and any other person or entities under the control or direction of any of the foregoing or purporting to act on behalf of any of them.

38.    All Documents and Communications Evidencing and/or Relating To the relationship between You and any of the Judgment Debtors.

39.    All Documents and Communications Evidencing and/or Relating To the relationship between You and M Sourcing, LLC.

40.    All Documents and Communications Evidencing and/or Relating To any transactions, deposits, or withdrawals for any checking account, savings account, certificate of deposit, money market account, cryptocurrency wallets, company credit card accounts, and/or any other such account with any financial institution, whether foreign, domestic or other, whether registered in Your name alone but which any Judgment Debtor has or had access to, in the name of You or Judgment Debtors or others (including, but not limited to entities), in Your name or the names of Judgment Debtors as trustee for another or others, in the name of another or others as trustee for You or Judgment Debtors, any partnership, Trust and/or other entity in which You or Judgment Debtors have and/or had an interest or have or had authority to represent in connection therewith (including cancelled checks, wire transfer confirmations, check stubs, bank or other statements, ledgers, passbooks and/or correspondence).

41.    All Documents and Communications Evidencing and/or Relating To expenses incurred by any of the Judgment Debtors through any accounts affiliated with You, including company credit cards, business travel, personal services, corporate memberships, or any other such accounts.

42.    All Documents and Communications Evidencing and/or Relating To any K-1, W-2, 1099, tax return, or extension for tax returns not yet filed, including, without limitation, any income, intangible, property or gift tax return, filed by You with any local, state, federal, or foreign government during the Relevant Period, including all exhibits, forms, and schedules attached to the tax returns.

43.    All Documents and/or Communications from the Relevant Period to the present Relating To (i) any cash withdrawals by the Judgment Debtors, (ii) the spending of cash on any property, goods or services by the Judgment Debtors, and/or (iii) the storage of and/or saving of cash outside of financial institutions by the Judgment Debtors (e.g., in a safe, etc.).

44.    All Documents and Communications Evidencing and/or Relating To all donations, charitable gifts, or endowments by You or Judgment Debtors to any Persons or entities, including, without limitation, charitable funds, religious organizations, educational institutions, municipalities, non-profit organizations, hospitals, business leagues, recreation clubs, lodges,

fraternities, societies, labor organizations, cooperatives, social welfare organizations, veterans organizations, medical charities, charitable risk pools, and child care organizations.

45.      All Documents and Communications Evidencing and/or Relating To any interest whatsoever that Judgment Debtors have and/or had in any domestic Real Estate located within the United States, including, without limitation, its territories, dependencies, tribal sovereignties, occupation zones, or other administrated areas, incorporated or unincorporated, including, without limitation, along with any and all written opinions or appraisals that You or Judgment Debtors have received or contracted for, reflecting values on any domestic Real Property that You or Judgment Debtors presently Own, either legally or beneficially, and/or property which You or Judgment Debtors have owned during the Relevant Period.

46.      All Documents and Communications between or among You, including Mark Hunt, and/or Judgment Debtors Relating To the payment of any expenses, including personal, legal, business, or otherwise by You, Mark Hunt, and/or M Sourcing, LLC on behalf of any of the Judgment Debtors.

47.      Any and all Documents and/or Communications not specifically requested herein that relate to any assets of any of the Judgment Debtors.

# EXHIBIT 1

THIS AMENDED AND RESTATED PROMISSORY NOTE (THIS "NOTE") HAS NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "ACT") OR ANY STATE SECURITIES LAW. THIS NOTE IS NON-NEGOTIABLE AND MAY NOT BE OFFERED, SOLD OR OTHERWISE TRANSFERRED, PLEDGED OR HYPOTHECATED BY THE HOLDER HEREOF.

## AMENDED AND RESTATED PROMISSORY NOTE

$4,164,759.90                                              Chicago, Illinois
                                                  Effective December 30, 2021

FOR VALUE RECEIVED, the undersigned, Triton Marine Holdings, LLC, an Illinois limited liability company ("Maker"), agrees to pay to M Sourcing, LLC, a Colorado limited liability company, or its assignee or any subsequent assignee hereof (any of them, "Payee"), the sum of Four Million One Hundred Sixty Four Thousand Seven Hundred Fifty Nine and 90/100 Dollars ($4,164,759.90), plus interest at the Applicable Federal Rate of Zero and 19/100 percent (0.19%) per annum, compounded annually and computed on the basis of a 365-day year for the actual number of days elapsed from the date hereof until paid in accordance with the terms hereof (the "Total Note Amount"). This Note amends and restates in its entirety, and is a complete novation of, that certain Promissory Note dated effective as of December 28, 2021, made by Maker in favor of Mark Hunt (the "Initial Promissory Note"), and Maker is hereby released from all obligations set forth in the Initial Promissory Note.

1. Payments: This Note will be payable by Maker to Payee in eight (8) equal annual installments of principal and interest in the aggregate annual amount of $524,602.74 ("Annual Payments"), in accordance with the amortization table attached hereto as **Exhibit A**, which is hereby incorporated in this Note. Payments shall be due on the first day of January each calendar year, commencing on January 1, 2022 (i.e., year 1).

2. Maturity Date: Except as otherwise provided herein, all outstanding principal and all accrued and unpaid interest on this Note will be due and payable on January 1, 2029 (i.e., year 8) (the "Maturity Date").

3. Advance Payment: Maker may, without penalty, prepay all or part of the principal and accrued interest due on this Note at any time and from time to time. Any prepayment of less than all the sums due under this Note will not excuse the payment of the remainder of the payments due hereunder, and will require recalculating the amortization table set forth in **Exhibit A** attached hereto with respect to the remaining payments under this Note.

4. Acceleration: If Maker is terminated with cause or leaves the employ of Payee and the Company at any time prior to the Maturity Date, then the Total Note Amount shall be accelerated and immediately due and payable by Maker to Payee without notice. If Maker is terminated without cause at any time prior to the

Maturity Date, then the balance of any remaining unforgiven principal and interest shall be accelerated and immediately due and payable by Maker to Payee without notice. Any principal and interest accelerated under this section are not eligible to be forgiven under Section 2 of this Note.

5.    Waivers: Presentment of payment, notice of dishonor, protest and notice of protest are hereby waived.

6.    Default: Each of the following will constitute an event of default under this Note, after notice if required, time being of the essence (each, an "Event of Default"):

   (a)    Maker fails to make any payment when due under this Note;

   (b)    Any breach by Maker of any covenant contained in this Note;

   (c)    Any breach by Payee of any covenant contained in this Note;

   (d)    Maker quits or leaves the employ of Payee prior to the Maturity Date;

   (e)    Maker becomes bankrupt or admits in writing an inability to pay Maker's debts as they become due, makes an assignment for the benefit of creditors, consents to the appointment of a trustee or receiver, or files for relief in bankruptcy, or other proceedings for relief in equity or under any acts of Congress or any laws of any state of the United States relating to the relief of debtors;

   (f)    A trustee or receiver is appointed for Maker or for part of Maker's property without Maker's consent;

   (g)    Bankruptcy or insolvency proceedings, or other proceedings for relief in equity or under any acts of Congress or any laws of any state of the United States relating to the relief of debtors are instituted against Maker or are consented to by Maker; or

   (h)    If at any time Payee has a good faith, reasonable belief that Maker no longer has the desire, willingness, or ability to render services to Payee and the Company in a faithful, dutiful, and loyal manner.

In the case of any such Event of Default, the entire unpaid principal balance of this Note, together with all accrued and unpaid interest thereon, shall forthwith be accelerated and become immediately due and payable without notice (the "Accelerated Payments" or "Acceleration").

7.    Notice of Default: Maker will immediately and without notice be deemed in default under this Note (which shall constitute an Event of Default), if Maker fails to perform the terms, covenants, and conditions of this Note, other than the failure to make payments on the Note. If (a) Maker fails to make any payment due under this Note within five (5) business days after the due date for such payment, (b) Payee has

2

given written notice to Maker of Maker's failure to make such payment in a timely manner, and (c) Maker has not made such payment within five (5) business days after Maker's receipt of such notice, then Maker will be deemed in default under this Note (which shall constitute an Event of Default).

8.  Payee's Rights: After an Event of Default, whether by Acceleration or otherwise, all past due principal and accrued and unpaid interest shall bear interest at a default rate equal to five percent (5%) per annum.

9.  Assignment: This Note may be assigned by Payee, any assignee of Payee, or any subsequent assignee, in each case without prior notice or consent of Maker. This Note shall transfer to the estate of Payee in the event of the death of Payee. This Note may not be assigned by Maker.

10. Confession of Judgment: Enforcement of Judgment: To further secure payment hereof, Maker hereby irrevocably authorizes any attorney of any court of record to appear for Maker, at any time from time to time after payment is due, whether by Acceleration or otherwise, and confesses judgment, without process, in favor of Payee against Maker for such amount that may be unpaid hereunder, together with statutory interest and costs of such proceeding, with any state court located in Cook County, Illinois or federal court located in Chicago, Illinois, at any time after any part of any principal and interest is past due under this Note. Maker hereby confesses judgment, without process, in favor of Payee and against Maker for such amount as may be unpaid hereunder, together with statutory interest, attorneys' fees, and the costs of such proceeding. Maker hereby waives and releases all errors which may intervene in any such proceeding and hereby consents to immediate execution upon said judgment, hereby ratifying and confirming all that said attorney, Payee, or any attorney acting for Payee may do by virtue hereof. Maker hereby waives and fully releases any attorney-in-fact obtained by Payee or Payee's counsel to confess judgment on Maker's behalf. Neither Maker, nor any attorney acting for Maker, shall seek to open said judgment or contest the enforcement of any such judgment sought to be enforced by Payee under this Section 10. Maker acknowledges that this Note is being executed in Illinois.

11. Indemnification Agreement. The parties hereby agree that the obligations of Maker set forth in this Note, including without limitation the obligations to pay principal and interest hereunder, are subject to the terms and conditions set forth in that certain Amended and Restated Indemnification Agreement between Spiro Tsaparas, Payee, M Development, LLC, and Mark Hunt dated December 30, 2022, including without limitation the offset provisions set forth therein.

12. Severability. If one or more provisions of this Note is (are) held to be unenforceable under applicable law, then such provision(s) shall be excluded from this Note and the balance of the Note shall be interpreted as if such provision(s) were so excluded and shall be enforceable in accordance with its terms.

3

CONFIDENTIAL

MDEV-000009

13.    Additional Costs and Expenses. Maker shall pay all costs and expenses incurred by Payee in collecting the obligations hereunder, including, without limitation, reasonable attorneys' fees and court costs incurred by Payee in collection of this Note. These costs and expenses shall include, without limitation, any costs or expenses incurred by Payee in any bankruptcy, reorganization, insolvency or other similar proceedings of Maker. The rights and remedies of Payee stated herein are cumulative to and not exclusive of any rights or remedies otherwise available to Payee at law or in equity.

14.    Choice of Laws: This Note will be governed by the internal laws, without regard to conflict of laws, of Illinois. Any suit or action on this Note shall be brought in any state or federal court having its situs in Cook County, Illinois, which shall be the exclusive jurisdiction for such suits, and each party hereby irrevocably submits to the jurisdiction of these courts.

[*Remainder of Page Intentionally Left Blank; Signature Page Follows*]

4

CONFIDENTIAL

MDEV-000010

IN WITNESS WHEREOF, Maker and Payee have executed this Note, and Mark Hunt, Maker, and Payee have each consented to the novation of the Initial Promissory Note effected by this Note, in each case effective as of the dates indicated below.

**Maker:**

Triton Marine Holdings, LLC

By:
Name: Spiro Tsaparas
Title: Manager
Date:    12-30-2022

**Payee:**

M Sourcing, LLC

By:
Name: Mark Hunt
Title: Manager
Date:    12-30-2022

Consent to the novation of the Initial
Promissory Note effected by this Note:

Mark Hunt, individually
Date:    12-30-2022

*[Signature Page to Amended and Restated Promissory Note]*

5

## EXHIBIT A

### Amortization Table

| Year 1 | Due: January 1, 2022 | $524,602.74 |
|--------|----------------------|-------------|
| Year 2 | Due: January 1, 2023 | $524,602.74 |
| Year 3 | Due: January 1, 2024 | $524,602.74 |
| Year 4 | Due: January 1, 2025 | $524,602.74 |
| Year 5 | Due: January 1, 2026 | $524,602.74 |
| Year 6 | Due: January 1, 2027 | $524,602.74 |
| Year 7 | Due: January 1, 2028 | $524,602.74 |
| Year 8 | Due: January 1, 2029 | $524,602.74 |

32720641

6

CONFIDENTIAL

MDEV-000012

# EXHIBIT 2

## AMENDED AND RESTATED INDEMNIFICATION AGREEMENT

This AMENDED AND RESTATED INDEMNIFICATION AGREEMENT (this "Agreement") is made and entered into as of December 30, 2022, by and among Spiro Tsaparas ("Indemnitor"), on the one hand, and Mark Hunt ("Hunt"), M Development, LLC, an Illinois limited liability company ("M Development"), and M Sourcing, LLC, a Colorado limited liability company (the "Company" and, collectively with Hunt, M Development, and each of their respective affiliates, successors, and assigns, "Indemnitees"; and, each of the Indemnitees, an "Indemnitee"), on the other hand. Indemnitor and Indemnitees are sometimes referred to herein individually as a "Party" and collectively as the "Parties."

### RECITALS

WHEREAS, the Company has loaned $4,164,759.90 to Triton Marine Holdings, LLC, an Illinois limited liability company ("Triton"), which is an affiliate of Indemnitor, pursuant to that certain Amended and Restated Promissory Note issued by Triton in favor of the Company on the date hereof (the "Note");

WHEREAS, the Company intends to employ Indemnitor pursuant to that certain Employment Agreement entered into by the Company and Indemnitor on the date hereof (the "Employment Agreement"); and

WHEREAS, in connection with the Note and the Employment Agreement, the Parties desire for Indemnitor to indemnify Indemnitees on the terms and conditions set forth in this Agreement.

NOW, THEREFORE, in consideration of the foregoing recitals, which are hereby incorporated in this Agreement, and the mutual agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.     Indemnification by Indemnitor. Indemnitor hereby agrees to indemnify each Indemnitee and to hold each Indemnitee harmless against, and to promptly reimburse each Indemnitee for, from and against each and every demand, claim, loss (which shall include any diminution in value), liability, judgment, damage, cost and expense (including, without limitation, interest, penalties, costs of preparation and investigation, and the reasonable fees, disbursements and expenses of attorneys, accountants and other professional advisors) (collectively, "Losses") imposed on or incurred by such Indemnitee, in each case directly or indirectly relating to, resulting from, or arising out of or in connection with any one or more of the Note, the Employment Agreement, or any claim, demand, litigation, or regulatory action by any third party against or relating to Indemnitor or any one or more of his business companies or business dealings or business affairs, including but not limited to claims by any one or more of the creditors or judgment creditors of Indemnitor.

2.     Notice and Defense of Third-Party Claims. If any action, claim or proceeding is brought or asserted under this Agreement against any one or more of Indemnitees in respect of which indemnity may be sought under this Agreement from Indemnitor, such Indemnitee(s) shall

give prompt written notice of such action or claim to Indemnitor, who shall assume the defense thereof, including the employment of counsel reasonably satisfactory to such Indemnitee(s) and the payment of all expenses; except that any delay or failure to so notify Indemnitor shall relieve Indemnitor of his obligations hereunder only to the extent, if at all, that he is prejudiced by reason of such delay or failure. Indemnitees shall have the right to employ separate counsel in any of the foregoing actions, claims or proceedings and to participate in the defense thereof, but the fees and expenses of such counsel shall be at the expense of Indemnitees unless both Indemnitees and Indemnitor are named as parties and Indemnitees shall in good faith determine that representation by the same counsel is inappropriate. In the event that Indemnitor, within ten (10) days after notice of any such action or claim, fails to assume the defense thereof, Indemnitees shall have the right to undertake the defense, compromise or settlement of such claim, action or proceeding for the account of Indemnitor, subject to the right of Indemnitor to assume the defense of such action, claim or proceeding with counsel reasonably satisfactory to Indemnitees at any time prior to the settlement, compromise or final determination thereof. Anything in this Agreement to the contrary notwithstanding, Indemnitor shall not, without Indemnitee's prior written consent (which consent shall not be unreasonably withheld, conditioned, or delayed), settle or compromise any action or claim or proceeding or consent to entry of any judgment with respect to any such action or claim unless it (i) does not involve any finding or admission of any violation of law or any violation of the rights of any person and would not have any adverse effect on any other claims that may be made against Indemnitee, (ii) does not involve any relief other than monetary damages that are paid in full by Indemnitor, and (iii) completely, finally and unconditionally releases Indemnitees in connection with such action or claim and would not otherwise adversely affect Indemnitees.

3. Procedures for Payment of Indemnification Obligation; Offset. Once a Loss is agreed to by Indemnitor or finally adjudicated to be payable pursuant to this Agreement, any and all such indemnifiable Losses shall be satisfied by Indemnitor, within fifteen (15) business days of such Losses being agreed to in writing or such final, non-appealable adjudication, by wire transfer of immediately available funds. Notwithstanding anything to the contrary set forth in this Agreement, Indemnitees may seek to satisfy all such indemnifiable Losses from Indemnitor personally and may offset such indemnifiable Losses against any amount(s) otherwise payable by either or both Indemnitees to Indemnitor, including such amount(s) pursuant to the Note and/or the Employment Agreement, including provisions in the Employment Agreement relating to base salary, bonus, reimbursement of expenses, and any forgiveness of amounts due under the Note.

4. Limitations on Indemnification Obligation.

a. Except in the case of fraud, the maximum liability of Indemnitor for indemnification obligations hereunder shall not exceed the aggregate amount of outstanding principal and accrued but unpaid interest under the Note.

b. For the purposes of calculating Losses under this Agreement, (i) such Losses shall be reduced by the amount of any proceeds that the applicable Indemnitee actually recovers (reduced by deductibles paid and the portion of any increase in deductibles, increase in premiums, costs of collection and/or retro-premiums resulting

2

from such matter) pursuant to the terms of any insurance policies; provided, however, that such Indemnitee shall promptly reimburse Indemnitor for any subsequent recoveries from such sources, if previously indemnified hereunder, so as to avoid a double recovery; and (ii) such Losses shall be reduced by the amount of any actual Tax benefit received by an Indemnitee as a result of such Losses.

        c.      Each Indemnitee shall take, and cause his or its affiliates to take, all reasonable steps to mitigate any Loss upon becoming aware of any event or circumstance that would be reasonably expected to, or does, give rise to any Loss.

        5.      Survival.  All covenants and agreements made by any Party hereunder shall survive in accordance with their terms or, if no term is stated, for six (6) years. Any claim for indemnification for which notice has been given within the prescribed survival period may be prosecuted to conclusion notwithstanding the subsequent expiration of such period.

        6.      Miscellaneous Provisions.

        a.      Any notice or other communication required or which may be given hereunder shall be in writing and shall be delivered personally, sent by certified or registered mail, postage prepaid, return receipt requested, by electronic mail, or delivered by overnight courier to Indemnitor or Indemnitees at the following addresses (or to such other addresses as any such Party may from time to time specify in writing pursuant to this Section 6(a):

If to Indemnitees:          M Development, LLC and M Sourcing, LLC
                           516 E. Hyman Ave., 2nd Floor
                           Aspen, CO 81611
                           Attn:     Mark Hunt
                           Email:    mhunt@mdevco.com

Any such notice or communication that is addressed as provided in this Section 6(a) will be deemed given (a) upon delivery, if delivered personally; (b) on the third business day after deposit in the United States mails, if delivered by certified or registered mail; (c) if delivered by electronic mail (with delivery receipt requested), on the date of transmission if on a business day before 5:00 p.m. local time of the recipient party (otherwise on the next succeeding business day); and (d) on the first business day of the receiving Party after the delivery to the courier, if delivered by overnight courier.

        b.      This Agreement contains the entire agreement among the Parties with respect to the subject matter hereof and supersedes all prior agreements or understandings, whether written or oral, with respect thereto.

        c.      This Agreement may be amended, modified, superseded, cancelled, renewed, or extended, and the terms and conditions hereof may be waived, only by a written instrument which specifically references this Agreement and which is signed by all of the Parties or, in the case of a waiver, signed by the Party waiving compliance. No delay on the part of any Party in exercising any right, power or privilege hereunder shall

3

MDEV-000004

operate as a waiver thereof, nor shall any waiver on the part of any Party of any right, power or privilege hereunder, or any single or partial exercise of any right, power or privilege hereunder, preclude any other or further exercise thereof or the exercise of any other right, power or privilege hereunder. Except as otherwise provided herein, the rights and remedies herein provided are cumulative and are not exclusive of any rights or remedies that any Party may otherwise have at law or in equity.

d.      This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois, without giving effect to the choice of law principles thereof. Venue for the adjudication or resolution of any disputes or claims arising under this Agreement shall be in a court of competent jurisdiction situated in Cook County, Illinois.

e.      This Agreement shall not be assigned by operation of law or otherwise; provided, however, that without any consent required, Indemnitees may, by providing written notice to Indemnitor, assign this Agreement and Indemnitees' rights and obligations hereunder in whole or in part (i) to an affiliate of Indemnitees and (ii) to any person who acquires the Company or all or a substantial portion of the assets of the Company (by merger, recapitalization, sale of stock or otherwise). Notwithstanding the foregoing, either or both of the Indemnitees may, without any consent required, assign his or its rights, but not his or its obligations, under this Agreement to any of its financing sources.

f.      All pronouns and any variations thereof refer to the masculine, feminine or neuter, singular or plural, as the context may require.

g.      This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Counterparts may be delivered via facsimile, electronic mail (including pdf or any electronic signature complying with the U.S. federal ESIGN Act of 2000, e.g., www.docusign.com) or other transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

h.      The headings in this Agreement are for reference only and shall not affect the interpretation of this Agreement. Each and every provision of this Agreement shall be treated as separate and distinct and, in the event of any provision hereof being declared invalid, such invalid provision shall be deemed amended to the extent required to make it valid and enforceable, and such amended provision and the remaining provisions of this Agreement shall remain in full force and effect if such does not defeat the intent of this Agreement. The Parties hereto have participated jointly in the negotiation and drafting of this Agreement and the agreements ancillary hereto.

*[Signature Page Follows]*

4

**CONFIDENTIAL**          MDEV-000005

IN WITNESS WHEREOF, this Agreement has been duly executed and delivered by each of the Parties or by duly authorized representatives of such Parties, on the date first above written.

**Indemnitor:**

SPIRO TSAPARAS, individually

**Indemnitees:**

MARK HUNT, individually

M DEVELOPMENT, LLC

By:
Name: Mark Hunt
Title:　Manager

M SOURCING, LLC

By:
Name: Mark Hunt
Title:　Manager

*[Signature Page to Indemnification Agreement]*

31297141

5

# EXHIBIT 3

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 001
DATE: 08/26/2022

**TO:**
M Development
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|------|-------------|---|-------|
| 8/26/2022 | Construction Services (8/7/2022-8/20/2022) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | SUBTOTAL | $19,230.77 |
| | | SALES TAX | |
| | | SHIPPING & HANDLING | |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

MDEV-000044

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 002
DATE: 09/09/2022

**TO:**
M Development
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|---|---|---|---|
| 8/26/2022 | Construction Services (8/21/2022-9/04/2022) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | SUBTOTAL | $19,230.77 |
| | | SALES TAX | |
| | | SHIPPING & HANDLING | |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

**CONFIDENTIAL**

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 003
DATE: 09/19/2022

**TO:**
M Development
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|------|-------------|--|-------|
| 9/19/2022 | Construction Services (9/05/2022-9/18/2022) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | SUBTOTAL | $19,230.77 |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

**CONFIDENTIAL**

MDEV-000046

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 004
DATE: 10/03/2022

**TO:**
M Development
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|------|-------------|---|-------|
| 10/3/2022 | Construction Services (9/18/2022-10/2/2022) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | **SUBTOTAL** | **$19,230.77** |
| | | | |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

**CONFIDENTIAL**

MDEV-000047

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 005
DATE: 10/17/2022

**TO:**
M Development
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|---|---|---|---|
| 10/17/2022 | Construction Services (10/2/2022-10/16/2022) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | SUBTOTAL | $19,230.77 |
| | | | |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

**CONFIDENTIAL**

**MDEV-000048**

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 006
DATE: 10/31/2022

**TO:**
M Development
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|---|---|---|---|
| 10/31/2022 | Construction Services (10/17/2022-10/30/2022) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | **SUBTOTAL** | **$19,230.77** |
| | | | |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

# Triton

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 007
DATE: 11/16/2022

**TO:**
M Development
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|------|-------------|--|-------|
| 11/16/2022 | Construction Services (10/31/2022-11/13/2022) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | SUBTOTAL | $19,230.77 |
| | | | |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 008
DATE: 11/28/2022

**TO:**
M Development
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|------|-------------|---|-------|
| 11/28/2022 | Construction Services (11/14/2022-11/27/2022) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | SUBTOTAL | $19,230.77 |
| | | | |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 009
DATE: 12/12/2022

**TO:**
M Sourcing LLC
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|---|---|---|---|
| 11/28/2022 | Construction Services (11/28/2022-12/11/2022) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | SUBTOTAL | $19,230.77 |
| | | | |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

**CONFIDENTIAL**

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 010
DATE: 12/22/2022

**TO:**
M Sourcing LLC
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|---|---|---|---|
| 12/22/2022 | Construction Services (12/12/2022-12/25/2022) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | SUBTOTAL | $19,230.77 |
| | | | |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021

**CONFIDENTIAL**

**Triton**

# INVOICE

96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

INVOICE # 011
DATE: 1/10/2023

**TO:**
M Sourcing LLC
516 East Hyman Avenue
2nd Floor
Aspen, CO 81611
Phone: 970.230.5434

**SHIP TO:**
Triton
96 Mountain Laurel Court
Aspen, CO 81611
Phone: 312.735.4960

**COMMENTS OR SPECIAL INSTRUCTIONS:**

| DATE | DESCRIPTION | | TOTAL |
|------|-------------|---|-------|
| 1/10/2023 | Construction Services (12/26/2022-1/08/2023) | | $19,230.77 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | SUBTOTAL | $19,230.77 |
| | | | |
| | | TOTAL DUE | $19,230.77 |

Bank Information:
Triton (US Bank) Acct. No. 125401763011
Routing No. 102000021