|  |  |
|---|---|
| **From:** | Arett, Jessica J. |
| **To:** | Watters, Zachary J.; Jackson, Daniel P. |
| **Cc:** | Keimig, Emily F.; Stahl, Holly A. |
| **Bcc:** | Arett, Jessica J. |
| **Subject:** | FW: [EXT] RE: NHC v. Centaur Construction - M Development and M Sourcing Third-Party Citation Document Production |
| **Date:** | Wednesday, July 30, 2025 8:58:24 AM |
| **Attachments:** | 2025-04-08 JJA Letter to Z. Watters(66498934.1).pdf |

**EXHIBIT 8**

Af708937-a88e-42bf-ba2a-5cff5e30518f

Af708937-a88e-42bf-ba2a-5cff5e30518f

Zach and Dan,

Thank you again for your time during our call last week. I write to respond to your recent email and to address and clarify some of the inaccuracies contained therein.

**Document Production Overview**

First, the M Entities categorically reject the suggestion that they have failed to provide fulsome and complete productions in response to the two citations served in January. As you know, those citations encompassed nearly 50 document requests—many of which were extraordinarily broad in scope, unduly burdensome, and sought irrelevant and confidential business and financial records. Responding fully would have required the M Entities—non-parties to the underlying action—to turn over nearly all of their corporate records. These demands exceed the reasonable bounds of discovery permitted under the rules and go far beyond what is necessary for the underlying matter.

Throughout our discussions, we have made substantial efforts to reach reasonable compromises to resolve our objections by narrowing the scope of the requests to target documents that actually assist NHC in its collection efforts against the judgment debtors. As detailed in my April 8, 2025 letter—which I've reattached—we have produced all documents required under the modified requests per our agreement. Any assertion that the M Entities now need to produce additional documents – documents that have no relation to any assets or property of the debtor – is further a violation of Illinois Supreme Court Rule 277, which provides that a citation can only be issued against a party when there is reason to believe the party has property or income the judgment creditor is entitled to reach or is indebted to the judgment debtor. As evidenced by the documents produced so far, you do not have grounds to assert a basis for believing either.

During our call, you did not identify any specific categories of documents that you believe remain outstanding under the modified requests, nor have you suggested additional documents that were not covered by the modified requests but you believe NHC would be entitled to. As such, we are left with the original, overbroad requests, which you now appear unwilling to narrow. As I said on the call, if you believe certain narrower categories of documents have not been produced and are relevant to a reasonable belief that the M Entities are holding property or income of the judgment debtors, please identify them and I will confer with my clients. Absent any such narrowing, my clients are not prepared to produce documents beyond those described in our April 8 letter.

**Clarifications on Specific Requests**

Regarding the specific requests raised in your email, we confirm your understanding of the parties' positions described in your email, <u>except</u> as noted below:

**Requests 7–9**

These seek all documents relating to work performed by Triton, Mr. Tsaparas, and Centaur. As we discussed, the judgment debtors and Triton were involved in numerous projects for the M Entities. Fully responding would require producing voluminous business records. To resolve this burden, you agreed the M Entities could instead provide a list of projects involving Mr. Tsaparas, Centaur, and its former employees. That list has been provided. If you are now seeking broader categories of documents, you have not explained why NHC requires more than what has been provided. As a result, without further narrowing or explanation, the M Entities will not produce additional documents responsive to this request. We remain open to considering a narrowed request.

**Request 30**

This seeks monthly statements for all M Entities' bank accounts. As previously explained, the M Entities objected due to the request's breadth, burden, and confidential nature. Nonetheless, we produced all bank records reflecting transactions with the judgment debtors. You subsequently agreed to withdraw this request. If you are now renewing it, please explain why the existing

production is inadequate and what possible relevance bank statements for the M Entities that have no relation to the judgment debtors can have for your collection efforts. Otherwise, the M Entities stand on their objection.

**Request 36**
This seeks all documents and communications regarding M Entities' employees who also worked for the judgment debtors. The request, as drafted, would require production of entire employment files and all emails with and about the relevant employees, as well as all business work product related to said employees. To address this, and per your agreement, we produced a list of relevant projects and identified the employees involved. If additional documents are now being requested, we ask that you articulate why the existing production is insufficient and further narrow the request, which we will consider.

**Request 38**
This seeks all documents and communications relating to the judgment debtors and their affiliates. Fully responding would require the same voluminous production as above. We have already produced documents responsive to this and other related requests, including agreements, payments, and communications with the debtors. You agreed to withdraw this request. If you are now renewing it, please explain the need for further production and provide a narrowed version for us to consider.

**Request 39**
This seeks all documents relating to the relationship between the judgment debtors and the M Entities. As discussed, this request is functionally duplicative of Request 36. We resolved the objection by producing a list of relevant projects, as agreed. If you believe further documents are needed, please clarify the insufficiency and propose a narrowed scope for our consideration. Otherwise, the M Entities will stand on the documents already produced and the previously stated objection.

**Request 43**
This seeks all tax returns and related communications and documents for the M Entities. As you are aware, the judgment debtors hold no ownership interest in the M Entities. We previously offered—and you accepted—a stipulation confirming this fact. The M Entities produced tax documents relating to the judgment debtors. If you are seeking broader categories of documents, please explain why they are necessary and propose a narrowed version for consideration. **Otherwise, the M Entities maintain their objection.**

**Jurisdiction for Enforcement**
Finally, with respect to your assertion that enforcement proceedings may be brought in Illinois, such assertion is contradicted by the rules and Illinois law. Illinois law provides that a court lacks jurisdiction to enforce a citation if the court does not have personal jurisdiction over the party cited. *See Woolford v. Woolford*, 2009 WL 315043 (N.D. Ill. 2009) (concluding that a citation cannot be enforced if a court does not have personal jurisdiction). Here, neither entity has any connections to Illinois, and you have not alleged that any property of the debtor was transferred from Illinois to the M Entities in Colorado. As stated in my letter, the M Entities reserve the right to contest any assertion that the Illinois court can exercise jurisdiction over them. Moreover, to the extent you assert that you can assert jurisdiction under Rule 45, Fed. R. Civ. P. 45(c) and 45(d)(2)(B)(i) make clear that any motion to compel must be filed in the district where compliance is required—here, Colorado. Despite repeated requests, you have not provided any legal basis for proceeding in Illinois, where the M Entities have no connection.

We remain open to a productive dialogue and will consider any narrowed, reasonable proposals you wish to make.

Best regards,
Jessica

Jessica J. Arett | Partner | Venable LLP
t 303.301.1494 | f 303.301.1491

JArett@Venable.com | www.Venable.com

**From:** Watters, Zachary J. <zwatters@vedderprice.com>
**Sent:** Monday, July 21, 2025 8:33 AM
**To:** Arett, Jessica J. <JArett@Venable.com>
**Cc:** Jackson, Daniel P. <djackson@vedderprice.com>; Keimig, Emily F. <EFKeimig@Venable.com>

**Subject:** RE: [EXT] RE: NHC v. Centaur Construction - M Development and M Sourcing Third-Party Citation Document Production

**Caution: External Email**

Jessica,

We have availability at 2:00 p.m. (CST) today.  Does that work on your end?  If so, we'll circulate an invite.

Zach

**Zachary J. Watters,** Shareholder

**VedderPrice**

222 North LaSalle Street, Chicago, Illinois 60601
T +1 312 609 7594
web | email | offices | biography

**From:** Arett, Jessica J. <JArett@Venable.com>
**Sent:** Friday, July 18, 2025 5:54 PM
**To:** Watters, Zachary J. <zwatters@vedderprice.com>
**Cc:** Jackson, Daniel P. <djackson@vedderprice.com>; Keimig, Emily F. <EFKeimig@Venable.com>
**Subject:** [EXT] RE: NHC v. Centaur Construction - M Development and M Sourcing Third-Party Citation Document Production [VED-VP.FID535382]

Hi Zach,

Are you around on Monday to discuss this?  I'm available between 12-5 MT.

Thanks,
Jessica

Jessica J. Arett | Partner | Venable LLP
t 303.301.1494 | f 303.301.1491

JArett@Venable.com | www.Venable.com

**From:** Watters, Zachary J. <zwatters@vedderprice.com>
**Sent:** Wednesday, July 16, 2025 4:07 PM
**To:** Arett, Jessica J. <JArett@Venable.com>
**Cc:** Jackson, Daniel P. <djackson@vedderprice.com>; Keimig, Emily F. <EFKeimig@Venable.com>
**Subject:** NHC v. Centaur Construction - M Development and M Sourcing Third-Party Citation Document Production [VED-VP.FID535382]

**Caution: External Email**

Jessica,

We are writing with respect to the Third-Party Citations to Discover Assets served on M Sourcing, LLC ("M Sourcing") and M Development, LLC ("M Dev." and collectively, the "M Entities").  We have attached copies of both Third-Party Citations for your reference.

Since we last met and conferred regarding the document production associated with the Third-Party Citations served on the M Entities, NHC LLC ("NHC") has: (i) reviewed the supplemental document production provided by the M Entities (bates labeled MDEV-307 – 626); (ii) spent significant time and resources attempting to obtain documents from Centaur Construction Inc., Spiro Tsaparas, and Peter Alexopoulos (collectively, the "Judgment Debtors"); and (iii) spent significant time and resources obtaining documents from various third-parties.  Based on our review of the documents provided by the M Entities, the Judgment Debtors, and various third-parties, NHC is not satisfied that the M Entities have made a fulsome and complete document production.

NHC understands and acknowledges that during our last meet-and-confer discussion, we attempted to reach a compromise with

respect to certain requests in an effort to avoid motion practice.  However, based on the documents produced by the M Entities and additional information NHC has obtained, the limited documents produced in response to the compromise requests are not sufficient and do provide NHC with the documents and information it is entitled to.  Given the passage of time since our last meet-and-confer discussion, we are writing to confirm our understanding as to the positions of the M Entities with respect to certain requests.  The request numbers identified below correspond to the request numbers in the Third-Party Citation issued to M Sourcing, although this correspondence applies to the nearly substantively identical requests issued to M Dev.  Please provide confirmation as to the accuracy of the positions outlined below within five days.

Request Nos. 1-5, 10-17, 19, 26-27, 30-35, 41-42, 44, and 47:  These requests relate to monies provided to, owed to, accepted from, or related to the Judgment Debtors and it is our understanding that the M Entities' position is that they have produced all documents responsive to these requests.

Request Nos. 6 and 18:  These requests relate to agreements between the M Entities and the Judgment Debtors and it is our understanding that the M Entities' position is that they have produced all documents responsive to these requests.

Request Nos. 24-25:  These requests relate to meeting minutes concerning the Judgment Debtors and it is our understanding that the M Entities' position is that no such documents exist.

Request No. 37:  This request relates to mergers, joint ventures, partnerships, and affiliations involving the Judgment Debtors and it is our understanding that the M Entities' position is that no such documents exist.

Request No. 46:  This request relates to any interest the Judgment Debtors possess in real estate and it is our understanding that the M Entities' position is that no such documents exist.

Request Nos. 7-9, 36, and 39:  It is our understanding that with the exception of the list of projects previously provided by the M Entities, the M Entities are not willing to produce any documents responsive to these requests.

Request No. 30:  It is our understanding that the M Entities are not willing to produce documents responsive to this request.

Request No. 38:  It is our understanding that the M Entities are not willing to produce documents responsive to this request.

Request No. 43:  It is our understanding that the M Entities are not willing to produce documents responsive to this request.

Thank you.

Zach

**Zachary J. Watters,** Shareholder

**VedderPrice**

222 North LaSalle Street, Chicago, Illinois 60601
T +1 312 609 7594
web | email | offices | biography

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, Vedder Price (FL) LLP, which operates in Florida, and Vedder Price Pte. Ltd., which operates in Singapore.

CONFIDENTIALITY NOTE: This e-mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this e-mail message is not the intended recipient, or the employee or agent responsible for delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at (312) 609-5038 and also indicate the sender's name. Thank you.

d250106us

```
*******************************************************************************
This electronic mail transmission may contain confidential or privileged information.
If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
*******************************************************************************
```