IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02537-SKC-TPO

NHC LLC,

    Plaintiff,

v.

CENTAUR CONSTRUCTION COMPANY INC., *et al.*,

    Defendants.

---

**MOTION TO RESTRICT ACCESS
TO CERTAIN EXHIBIT TO ECF 12-1**

---

Non-Parties M Development, LLC and M Sourcing, LLC (the "M Entities"), through their counsel, Venable LLP, pursuant to D.C.COLO.LCivR 7.2, hereby move to restrict access to a document filed as an exhibit to [ECF 12] Response in Opposition to Non-Parties M Sourcing, LLC and M Development, LLC's Motion (1) to Quash Third Party Citations to Discover Assets and (2) For a Protective Order. In support of this Motion, the M Entities state as follows.

    1.    Pursuant to D.C.COLO.LCivR 7.1(a), counsel for the M Entities conferred with Plaintiff NHC, LLC regarding the relief sought in this motion. Counsel for NHC informed counsel for the M Entities that NHC opposes the motion to restrict on the grounds that NHC does not believe the document meets the criteria under the rule. Counsel for NHC also indicated that it does not intend to file a written response to this motion.

    2.    D.C.COLO.LCivR 7.2(c) permits a party to file a motion to restrict public access to documents filed with the Court. The motion must: (1) identify the document to be restricted; (2) state the interest to be protected and explain why that interest outweighs the presumption of

public access; (3) identify a clearly defined and serious injury that will result without restriction; (4) explain why no alternative to restricted access is available or why only restricted access will adequately protect the relevant interest; and (5) state the level of restriction for the document. D.C.COLO.LCivR 7.2(c)(1)-(5).

3. The M Entities filed a Motion (1) To Quash Third Party Citations to Discover Assets and (2) For a Protective Order (the "Motion to Quash"), seeking to quash certain document requests served on the M Entities by NHC under citations to discover assets issued in a case in the United States District Court for the Norther District of Illinois, Case No. 1:25-cv-02537 (the "Underlying Case"). The M Entities understand that a confidentiality order (the "Confidentiality Order") was entered in the Underlying Case, a copy of which is attached hereto as Exhibit 1.

4. The Protective Order provides that documents designated "Confidential" shall be filed with a restriction that permits only parties, court personnel, and witnesses to view the document. As a result, the restriction is similar to Level 1 restriction that is used in this Court.

5. This U.S. District Court for the District of Colorado has many times granted Level 1 restriction to documents that contain commercial, financial, and sensitive information of both a party and a third-party. *See, e.g.*, *Rickaby v. Hartford Life & Accident Ins. Co.*, 2016 U.S. Dist. LEXIS 53485, at *16–17 (D. Colo. Apr. 21, 2016) (granting Level 1 restriction to documents that contain commercial and financial information of a party and a third-party); *All Plastic, Inc. v. SamDan LLC*, 2021 U.S. Dist. LEXIS 212815, at *7 (D. Colo. Aug. 26, 2021) (granting restriction of information that "[ran] the risk of revealing Defendants', and potentially third parties', confidential or proprietary information"). A party "may overcome the presumption of public access where the records contain…business information that might harm a litigant's competitive standing…information which could harm the competitive interests of third parties…or private or

personally identifiable information…or otherwise invade privacy interests…" *See Cahey v. IBM*, 2021 U.S. Dist. LEXIS 212793, at *3 (Apr. 2, 2021).

6. The document filed at ECF 12-1 is a document produced in response to the Citations and details correspondence regarding potential changes to a note that Mr. Tsaparas has with M Development, LLC. That email is dated May 12, 2025 (in NHC's response to the motion to quash, it was referred to as a May 12, 2024 email).

7. The May 12, 2025 email details information about negotiations that are in process and also details financial payments to Mr. Tsaparas and other employees. Full public disclosure of these financial details, especially since they relate to ongoing negotiations, could subject the M Entities to unfair competition and also disclose personal information related to employee compensation. This privacy interest outweighs the public interest, to the extent a public interest exists, in knowing about these internal negotiations. References to such sensitive information is contained throughout the document.

8. Additionally, the M Entities have also withdrawn the Motion to Quash, further reducing the public interest in documents related to it.

WHEREFORE, the M Entities respectfully request the Court restrict access to ECF No. 12-1 to Level 1.

Respectfully submitted this 17th day of September, 2025.

                VENABLE LLP

                */s/ Jessica J. Arett*
                Jessica J. Arett
                1144 Fifteenth Street, Suite 3600
                Denver, CO 80202
                Telephone: (303) 301-1490
                Fax:       (303) 301-1491
                Email:   jarett@venable.com
                *Attorneys for Non-Parties M Development, LLC and M Sourcing, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify on the 17th day of September, 2025, that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF registrant(s):

Bryan K. Clark
Daniel P. Jackson
Zachary J. Watters
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
bclark@vedderprice.com
djackson@vedderprice.com
zwatters@vedderprice.com

                                              */s/ Holly Stahl*
                                              Holly Stahl